## J. W. Heatherington v. The State.

No. 13271. Delivered May 14, 1930.
Rehearing denied June 18, 1930.
Reported in 29 S. W. (2d) 352.

The opinion states the case.

*J. T. Ranspot* and *Ritchie & Ritchie,* all of Mineral Wells, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, the unlawful sale of intoxicating liquor; penalty, one year in the penitentiary.

The indictment charges the sale of intoxicating liquor to F. A. Fennigan. Fennigan and Craig were United States Prohibition Enforcement Officers. Together they went to the home of appellant and both testified on the trial to the sale of whisky by appellant to Fennigan.

When the witness Craig was testifying, it developed that the bottle of whisky purchased by the above two had been labelled and initialed at the time. This label was thereupon introduced by appellant: "Name of the purchasing agent, Buford H. Craig." The

State then offered the whole of the label in evidence and Craig on redirect examination was permitted to testify over objection as follows:

"Now I have looked at that whisky label, and explaining why that label is marked and drawn up in that way, the reason for writing that like it is, on this bottle, I was carrying the expense at that time, and lending Mr. Fennigan money to make the purchase with; and had to get a refund of my money. I let Mr. Fennigan have this money, when we were leaving the Hotel there in Strawn. It was just as we started to this house, about 7:45 or a few minutes after."

It is insisted that the testimony of Craig on redirect examination was inadmissible since the label was unambiguous and needed no explanation and that the State having introduced the label in evidence could not destroy the effect of same by impeaching it. What has been said shows that the appellant himself introduced that part of the label showing that Craig was the purchaser of the whisky. This being introduced as impeaching Craig, who had just testified that Fennigan was the purchaser, the State, we think, on redirect examination was properly permited to elicit the testimony objected to in explanation of the entries on such label. Mr. Underhill states the rule as follows:

"But on the redirect examination counsel will be permitted to ask questions which will explain all answers which were brought out on the cross-examination from which wrong inferences might be drawn by the jury, or which have a tendency to cast doubt upon the credibility of the evidence of the witness." Underhill's Criminal Evidence (3rd Ed.), Paragraph 357.

It is further insisted that the Court should have affirmatively instructed the jury to acquit if they found that the sale was made to Craig or if they had a reasonable doubt thereof. The Court did in his main charge require the jury to believe beyond a reasonable doubt that the sale was made to Fennigan before they could convict and authorized an acquittal if they had a reasonable doubt thereof. The purpose of introducing the hearsay statement contained on the label was to impeach Craig and to disprove the allegation in the indictment that the sale was to Fennigan. We think the Court in his main charge gave the appellant all he was entitled to, since the entire purpose of the testimony was to impeach the witness Craig and under the particular facts of this case we do not think that an affirmative issue arose from the introduction of the hearsay statements, plainly introduced in this case only as impeaching evidence.

Objections were made to certain arguments of the District Attorney but they do not in our opinion show error and their importance do not seem to justify the consumption of space in discussion.

Finding no error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—From Bill of Exception No. 1 the following is taken:

"Thereafter the defendant offered in evidence a part of the label on the bottle, to-wit:

"Following the printed word 'defendant' is the following, 'Unknown, a white man,' and on another line in print 'name of the purchasing agent' BUFORD H. CRAIG in writing; 'witness' in print that is followed by FRANK A. FENNIGAN, signed in ink; 'Frank A. Fennigan'; and the initials in ink on the upper left-hand corner of the label BHC."

This is followed in the bill by the language of the witness Craig quoted in the original opinion. The meaning of the label seems quite obscure. It does not seem, however, to state that Buford Craig was the purchaser of the whisky. The right to make the explanation, however, seems clear under Art. 728, C. C. P., 1925, conferring the privilege upon the opposing party to explain any act, declaration, conversation, or writing given in evidence by his adversary. See Vernon's Ann. Tex. C. C. P., 1925, Vol. 2, p. 836. It appears from the evidence that Craig and Fennigan, in company with each other, approached the appellant and asked if he had any whisky. The appellant asked how much was wanted and was told that a pint was desired. Fennigan paid the appellant for the pint of whisky. A bottle of whisky was produced at the trial which Craig identified as the pint of whisky that "Mr. Fennigan purchased from the defendant there in my presence. We labelled it and initialed it at the time." Fennigan testified that he and Craig were Prohibition Officers; that they went to the appellant's house and sought to buy whisky. The appellant at first demurred but finally went away and returned with a bottle of whisky for which Fennigan paid him $2.00 and received fifty cents in change. The witness produced the bottle

of whisky and stated: "That is the whisky I bought from this defendant; for which I paid him a dollar and fifty cents."

Appellant insists that the introduction by him of the label presented an affirmative defense, namely, that Craig alone was the purchaser of the whisky. In the refusal of the trial court to instruct the jury in accord with such contention, it is thought that no error was committed.

The motion is overruled.

*Overruled.*