NUMBER 13-05-639-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


JASON DOYLE MATHEWS, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 




 On appeal from the 24th District Court of Jackson County, Texas.

 


MEMORANDUM OPINION



Before Justices Yañez, Rodriguez, and Garza


Memorandum Opinion by Justice Yañez


 

 A jury found appellant, Jason Doyle Mathews, guilty of the felony offense of driving
while intoxicated (DWI). (1) The trial court assessed punishment at ten years' imprisonment
and imposed a $10,000.00 fine. In two issues, appellant contends he received ineffective
assistance of counsel. We affirm.

Background 


 Appellant's wife testified that she called the police around 7:00 p.m. one evening
after she and appellant became involved in a domestic dispute. She also testified that
appellant had been drinking most of the day and was intoxicated. Appellant left the house
before the police arrived. Around 11:30 p.m. that evening, appellant was stopped for a
traffic violation. Officer Rodney Roberson testified that when he approached appellant, he
detected a strong odor of alcohol. After checking appellant's driver's license, Officer
Roberson recognized appellant as the same person being sought in connection with the
earlier disturbance. Appellant admitted to Officer Roberson that he had consumed six "tall
boys," or about nine beers. A second officer, Deputy Omecinski, joined Officer Roberson
as "back-up." After appellant failed one field sobriety test, refused to take others, and
refused to provide either a breath or blood sample, he was arrested for DWI. Both officers
testified that based on their training and experience, appellant was intoxicated. 

Standard of Review and Applicable Law

 Claims alleging ineffective assistance of counsel are evaluated under the familiar
standard of Strickland v. Washington, (2) which requires that the defendant prove: (1) that
counsel's representation or advice fell below objective standards of reasonableness; and,
(2) the result of the proceeding would have been different but for trial counsel's deficient
performance. (3) The defendant bears the burden of proving this claim by a preponderance
of the evidence. (4) In order for an appellate court to find trial counsel ineffective, "[a]ny
allegation of ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness." (5) Generally, when the record is silent
as to counsel's motivations for tactical decisions, an appellant cannot overcome the "strong
presumption that counsel's conduct was reasonable." (6) "In the majority of cases, the record
on direct appeal is undeveloped and cannot adequately reflect the motives behind trial
counsel's actions." (7) Unless the challenged conduct was "so outrageous that no competent
attorney would have engaged in it," appellate courts will not speculate in order to find trial
counsel's reasoning or strategy rendered his performance deficient. (8) "[T]he presumption
that trial counsel's performance was reasonably based in sound trial strategy, coupled with
the absence of any supporting evidence in the record of unreasonableness, compels a
reviewing court to consider ways in which trial counsel's actions were within the bounds of
professional norms." (9) 

 The failure to object to inadmissible evidence, even extraneous offense evidence, 
does not necessarily constitute ineffective assistance. (10) The failure to request a limiting
instruction is not, by itself, ineffective assistance. (11)

Analysis

 In his first issue, appellant complains his trial counsel was ineffective for failing to
object to extraneous offense evidence elicited by the State from his wife. Specifically,
appellant complains that the State questioned his wife "concerning other assaults or acts
committed by appellant against her or others, none of which were objected to by trial
counsel." Appellant specifies ten instances of "other assaults," including numerous
instances of appellant "punching" and "hitting" his wife, and pulling a gun on her and
threatening to kill her. However, the complained-of testimony regarding other assaults was
elicited by the State on re-direct examination, after appellant's counsel had questioned
appellant's wife on cross-examination regarding whether (1) she and appellant argued
frequently over money, (2) she had called the police, with allegations appellant had
assaulted her, on three or four other occasions, (3) she had separated from appellant and
only "went back" to him after he received some settlement monies, and (4) the present
argument with appellant was similar to previous arguments. (12) 

 The State argues that it was trial counsel's strategy to elicit such testimony on cross-examination in order to show that appellant's wife had made "numerous" prior claims
against him because she was vindictive and motivated by money. We agree. The record
reflects that counsel's actions were part of a reasonable trial strategy to show that
appellant's wife was biased, prejudiced, and untruthful. "That a trial strategy does not work
does not mean that counsel was ineffective." (13) Because the record is silent as to why
counsel failed to object to the complained-of evidence, we must presume that counsel's
actions were reasonably based on sound trial strategy. (14) We overrule appellant's first
issue. 

 By his second issue, appellant complains his counsel was ineffective for failing to
request a limiting instruction concerning the extraneous offense evidence in the jury
charge. Appellant contends that "[b]ecause there was no requested instruction, trial
counsel waived any error to the jury charge, and allowed the State to argue whatever
reason it wanted for the use of the extraneous acts." 

 The State argues that "[i]t is reasonable that, as a trial tactic, counsel did not wish
to remind the jury" of the complained-of testimony. Here, the record is silent as to
counsel's reasons for failing to request a limiting instruction. Because the record does not
reflect counsel's reason for not requesting an instruction, we find no basis for concluding
he did not exercise reasonable professional judgment. (15) Accordingly, appellant has failed
to rebut the presumption that his trial counsel's actions or inactions were reasonable. (16)

 Moreover, appellant has wholly failed to show that he was prejudiced by his 
counsel's alleged errors. With regard to both issues, appellant asks only "how can trial
counsel's performance not be constitutionally deficient, and how can such deficiency not
have prejudiced [a]ppellant?" Thus, appellant has failed to demonstrate with a reasonable
probability, that a different outcome would have resulted but for his counsel's alleged
errors. We overrule appellant's second issue. 

 We conclude appellant has failed to overcome the presumption that trial counsel's
actions and inactions were part of his trial strategy. We affirm the trial court's judgment. 



 

 LINDA REYNA YAÑEZ,

 Justice






Do not publish. Tex. R. App. P. 47.2(b).


Memorandum opinion delivered and filed 

this the 5th day of July, 2007.

1. See Tex. Pen. Code Ann. §§ 49.04, 49.09(b)(2) (Vernon 2003 and Supp. 2006).
2. See Strickland v. Washington, 466 U.S. 668, 686 (1984). 
3. See id. at 688-94; Mata v. State, No. PD-1724-04, 2007 Tex. Crim. App. LEXIS 695, at **5-6 (Tex.
Crim. App. June 6, 2007); Ex parte Nailor, 149 S.W.3d 125, 130 (Tex. Crim. App. 2004). 
4. Jackson v. State, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998). 
5. Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999); See Mata, 2007 Tex. Crim. App.
LEXIS 695, at **10-11. 
6. Mata, 2007 Tex. Crim. App. LEXIS 695, at *10 n.14; Mallett v. State, 65 S.W.3d 59, 63 (Tex. Crim.
App. 2001). 
7. Mallett, 65 S.W.3d at 63; Mata, 2007 Tex. Crim. App. LEXIS 695, at **9-10. 
8. Goodspeed v. State, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (quoting Garcia v. State, 57
S.W.3d 436, 440 (Tex. Crim. App. 2001)) .
9. Mata, 2007 Tex. Crim. App. LEXIS 695, at *12.
10. Greene v. State, 928 S.W.2d 119, 123 (Tex. App.-San Antonio 1996, no pet.).
11. Id. at 124. 
12. Texas Rule of Evidence 611(b) provides that a witness may be cross-examined on any matter
relevant to any issue in the case, including credibility. Tex. R. Evid. 611(b). The rules, however, are silent with
respect to redirect and recross. Case law reveals that questions may be asked on redirect examination to
produce an explanation of answers given on cross-examination from which erroneous inferences may be
drawn by the jury. See Rogers v. State, 815 S.W.2d 811, 816 (Tex. App.-Amarillo 1991 no pet.). In addition,
the Dallas Court of Appeals has held that a trial judge has discretion to allow the scope of redirect examination
to exceed the scope of cross-examination. See Bradeen v. State, 711 S.W.2d 263, 264-65 (Tex. App.-Dallas 
1986, no writ). Thus, complained-of evidence elicited by the State on redirect examination likely was
admissible. Failure to object to admissible testimony does not constitute ineffective assistance. Moore v.
State, 983 S.W.2d 15, 21 (Tex. App.-Houston [14th Dist.] 1988, no pet.). 
13. Johnson v. State, 176 S.W.3d 74, 79 (Tex. App.-Houston [1st Dist.] 2004, pet. ref'd).
14. See Mata, 2007 Tex. Crim. App. LEXIS 695, at *12.
15. See Ali v. State, 26 S.W.3d 82, 88 (Tex. App.-Waco 2000, no pet.).
16. See Mata, 2007 Tex. Crim. App. LEXIS 695, at *12.