# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00628-CR

**Kelly James McCarty, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT
### NO. 30842, HONORABLE GUILFORD L. JONES III, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Kelly James McCarty was indicted for three counts of indecency with a child by contact. *See* Tex. Penal Code § 21.11. The charges arose from allegations made by three children who had been campers at a summer camp where the Appellant had worked as a counselor. The Appellant's first trial ended in a mistrial after the jury was unable to reach a verdict. The jury in the Appellant's second trial convicted him of the first and third counts of indecency with a child by contact but acquitted him of the second count. The Appellant was sentenced to five years' imprisonment for the first count and ten years' community supervision for the third count. After filing an untimely appeal that was dismissed for lack of jurisdiction, the Appellant filed an application for habeas corpus relief to file an out-of-time appeal. *See* Tex. Code Crim. Proc. art. 11.07. The Court of Criminal Appeals granted the Appellant leave to file an out-of-time appeal as to Count I but denied relief as to Count III.

The Appellant now appeals his conviction as to Count I, contending the trial court erred by: (1) admitting evidence of unnoticed extraneous bad acts; (2) admitting the State's expert testimony but excluding his expert's testimony; and (3) submitting an improper jury charge. As the parties are familiar with the facts and applicable standards of review, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.4. We will affirm the trial court's judgment.

## ADMISSION OF EXTRANEOUS BAD ACTS

In his first point of error, the Appellant contends the trial court erred by admitting evidence he characterizes as "extraneous bad acts" without the prosecution having provided him timely notice of their intent to use such evidence in response to his request under Texas Rule of Evidence 404(b). The first two alleged extraneous acts we address involve the Appellant's conduct with two of the minor complainants. First, a camp counselor testified during the State's case-in-chief that—sometime before the events giving rise to Count I of the indictment involving camper number 2004-23— he observed camper 2004-23 and the Appellant alone in a cabin sitting on a bed together and talking.[1] The second incident involved another complainant, camper number 2004-25, who testified during the State's case-in-chief that the Appellant told him—sometime before the events giving rise to Count III of the indictment—that he needed to be more comfortable being naked and that his prior group of campers had initially been afraid to be naked but by the end of the term, they were having "naked concerts in their bathroom . . . playing penis guitar and banging their butts as

---

[1] At trial, the minor complainants were referred to by their camp numbers to protect their identity.

drums." The Appellant complains these were unnoticed extraneous bad acts admitted in violation of Rule of Evidence 404(b). *See* Tex. R. Evid. 404(b) (evidence of other crimes, wrongs, or acts not admissible to show character conformity but is admissible for other purposes, provided that upon timely request by the accused in a criminal case, reasonable notice is given in advance of trial of intent to introduce such evidence in State's case-in-chief).

But in sexual abuse cases involving minors, Article 38.37 of the Texas Code of Criminal Procedure provides that evidence of crimes, wrongs, or acts committed by the defendant against a child who is the victim of the alleged offense shall be admitted for its bearing on relevant matters, including the state of mind and previous relationship between the defendant and child. Tex. Code Crim. Proc. art. 38.37. Article 38.37 is an evidentiary rule and by its express terms supercedes in certain sexual abuse cases the application of Texas Rule of Evidence 404(b). *See Hitt v. State*, 53 S.W.3d 697, 705 (Tex. App.—Austin 2001, pet. ref'd). Further, the State is only required to provide prior notice of their intent to use such evidence if the defendant makes a specific request for such information pursuant to Tex. Code Crim. Proc. art. 38.37. *See id.* (request for notice pursuant to Rule 404(b) does not entitle the defendant to prior notice of the State's intent to use evidence admissible under Article 38.37).[2] Here, the State argued this evidence was admissible because it showed a pattern of grooming the complainants for sexual abuse, and the discovery order

---

[2] *Hitt v. State* interprets a prior version of the statute that was in effect when the criminal proceedings against the Appellant commenced. *See* Act of June 7, 1995, 74th Leg., R.S., ch. 318, § 48, 1995 Tex. Gen. Laws 2734, 2748 (amended 2013) (current version at Tex. Code Crim. Proc. art. 38.37). The current version of the statute provides that in criminal proceedings commenced after September 1, 2013, "the state shall give the defendant notice of the state's intent to introduce in the case in chief evidence described [by Art. 38.37] no later than the 30th day before the date of the defendant's trial."

3

identified in the Appellant's brief failed to request notice under Article 38.37. Accordingly, we cannot conclude the trial court abused its discretion in overruling the Appellant's 404(b) objection and admitting the testimony. *See id.* (witness's unnoticed testimony that he had seen defendant and minor complainant alone on bed together admissible where defendant had requested notice under Rule 404(b) but had failed to request notice under Art. 38.37).[3]

The Appellant further contends the State improperly introduced rebuttal evidence of an unnoticed extraneous offense during the punishment phase of trial. During sentencing, however, a defendant is only entitled to pretrial notice of extraneous offenses or bad acts the State intends to offer in its case-in-chief. *See* Tex. Code. Crim. Proc. art. 37.07. The State is not required to give notice of other offenses or bad acts introduced in rebuttal to the defendant's mitigation evidence. *Jaubert v. State*, 74 S.W.3d 1, 4 (Tex. Crim. App. 2002); *Washington v. State*, 943 S.W.2d 501, 505 (Tex. App.—Fort Worth 1997, pet. ref'd) (op. on reh'g). In this case, the Appellant's defensive theory at sentencing was that he should receive a recommendation for probation because he was a suitable candidate for community supervision. In rebuttal, the State called a probation officer who had met with the Appellant prior to trial. The officer testified, based on her conversation with the

---

[3] Appellant additionally complains that a witness was permitted to testify—without prior notice—that he observed the Appellant lying on a bed with a camper who has not made any allegations of misconduct against the Appellant and is not a complainant in this suit. The witness testified that there were other people in the cabin at the time he observed this conduct and did not allege that he observed any misconduct. "To constitute an extraneous offense, the evidence must show a crime or bad act, and that the defendant was connected to it." *Moreno v. State*, 858 S.W.2d 453, 463 (Tex. Crim. App. 1993). Assuming this is evidence of a crime or bad act as contemplated by Texas Rule of Evidence 404(b), the Appellant has not shown how his defense was injuriously affected by the State's failure to provide reasonable notice of this testimony. *See Hernandez v. State*, 176 S.W.3d 821, 826 (Tex. Crim. App. 2005).

4

Appellant, that she understood he had been working as a referee for a children's soccer league since his arrest. The officer further testified that, at a prior hearing, the Appellant had told the trial court that the officer had misunderstood him because he was actually working as a referee for a women's soccer league. The officer testified that she did not believe she was mistaken that he had initially said it was a children's league.[4] As the challenged testimony was offered in rebuttal to the Appellant's mitigation evidence, we cannot conclude the trial court abused its discretion by admitting the testimony without notice. *See Jaubert*, 74 S.W.3d at 4.

The Appellant also complains that the State improperly impeached him during trial with an unnoticed extraneous offense during the State's cross-examination of the Appellant. The record reflects the trial court ruled during a bench conference that the State would be permitted to impeach the Appellant on cross-examination with evidence showing he had lied to his bond officer about residing out of the state. After reviewing the record, however, the State never impeached the Appellant with this information during open court in front of the jury. Accordingly, there is nothing to review. For the foregoing reasons, we overrule the Appellant's first point of error.

---

[4] On cross-examination, Appellant expanded the scope of the probation officer's testimony by asking whether in her professional experience she had known any offenders on probation for sexual offenses against children and whether there were specialized probation officers to supervise such offenders. She answered yes to both questions. On redirect, the State asked the officer questions related to her experience working with pedophiles on probation, including whether the probation office could guarantee that an offender would not abuse another child while on probation and whether it was important for an offender to admit guilt for successful rehabilitation. In his fourth point, the Appellant complains the trial court erred by allowing the probation officer "to offer expert testimony about pedophilia." We disagree. The Appellant first asked the probation officer questions related to her professional expertise and on redirect the State was entitled to ask questions to explain the probation officer's answers given on cross-examination from which erroneous inferences might be drawn by the jury. *See Rogers v. State*, 815 S.W.2d 811, 816 (Tex. App.—Amarillo 1991, no pet.); *see also Ellison v. State*, 201 S.W.3d 714, 723 (Tex. Crim. App. 2006) (probation officer qualified in punishment phase to give opinion on defendant's suitability for probation).

## EXPERT TESTIMONY

In his second point of error, the Appellant contends the trial court erred by both excluding testimony from his expert witness and admitting testimony from the State's expert witness. For expert testimony to be admissible under Texas Rule of Evidence 702, the party offering the scientific expert testimony must demonstrate by clear and convincing evidence that such testimony "is sufficiently reliable and relevant to help the jury in reaching accurate results." *See Kelly v. State*, 824 S.W.2d 568, 572 (Tex. Crim. App. 1992). Here, the Appellant does not attack the reliability of the State's expert testimony but only its relevance to the issues at trial. Relevance, rather than reliability, was also the basis for the trial court's exclusion of the Appellant's proffered expert testimony. Accordingly, our analysis focuses on the relevance of the expert testimony at issue.

We will first address the testimony of the State's expert witness, Dr. Ferrera, who testified during the guilt/innocence phase of trial regarding the conduct of child molesters. Dr. Ferrera testified that child molesters often groom children for sexual contact and described common practices frequently used by sex offenders to groom children. In response to hypothetical questions mirroring the facts of this case, Dr. Ferrera then testified that the scenarios depicted were consistent with the practices he had described and were typical grooming behavior of an experienced male pedophile. The Appellant contends the trial court erred by admitting Dr. Ferrera's testimony because grooming was not a fact issue for the jury and the testimony was not relevant because there was no evidence that the Appellant was engaged in grooming. We disagree. The Court of Criminal Appeals has recognized that grooming of children for sexual molestation, as a phenomenon, is a legitimate subject of expert testimony. *Morris v. State*, 361 S.W.3d 649, 656 (Tex. Crim. App.

2011).  Further, the trial court was within its discretion in finding the evidence was relevant because Dr. Ferrera sufficiently tied his testimony regarding grooming to the specific facts of the case.  *See Jordan v. State*, 928 S.W.2d 550, 555 (Tex. Crim. App. 1996).  Accordingly, we cannot conclude the trial court abused its discretion by admitting the State's expert testimony.

With regard to the Appellant's expert witness, Mark Steege, the trial court permitted the expert to rebut  Dr. Ferrera's testimony on grooming.  The Appellant, however, also attempted to proffer testimony from Steege during trial regarding his assessment of the Appellant's sexual interests.  Outside the presence of the jury, Steege—a psychotherapist—testified that he had conducted a clinical evaluation of the Appellant and had administered two exams designed to test the sexual interest of a person, the Abel Assessment for Sexual Interest Test and the Sexual Adjustment Inventory.[5]   Based on his clinical evaluation and the exam results, Steege testified outside the presence of the jury that in his opinion the Appellant was a "normal sexual young man, with normal ideas about sexuality, with no problems with drugs or alcohol, [and] with no significant interest in being sexual with someone other than appropriate partners."  The trial court excluded the testimony on the grounds that it was not helpful to the jury in determining an ultimate fact at issue.

Based on the record before us, we cannot conclude the trial court abused its discretion by excluding the testimony.  An intent to arouse and gratify the sexual desire of any person is an element of the offense of indecent conduct with a child.  *See* Tex. Penal Code § 21.11.  The Appellant offered Steege's expert testimony to show that generally he does not have sexually deviant

---

[5]  The reliability of the Abel Assessment for Sexual Interest Test and the Sexual Adjustment Inventory were not challenged by the State at the trial court or on appeal.  As we determine the trial court did not abuse its discretion by excluding the testimony as irrelevant, we express no opinion as the reliability of the expert's opinions.

7

preferences and therefore could not have had the requisite intent to commit the charged offense. The use of expert testimony, however, must be limited to situations in which the expert's knowledge and experience on a relevant issue are beyond that of an average juror. *Yount v. State*, 872 S.W.2d 706, 711 (Tex. Crim. App. 1993). Here, the trial court was within its discretion in finding that a determination of whether the Appellant had the intent to sexually gratify himself by touching a camper's penis required no special knowledge or experience.[6] *See In re J.G.*, No. 03-97-00217-CV, 1998 WL 271053, at *2 (Tex. App.—Austin May 29, 1998, no pet.) (mem. op.) (expert testimony that appellant was generally not sexually aroused by young girls not relevant in helping jury determine whether appellant had the requisite intent to be sexually gratified by touchings at issue). Further, Steege made no "effort to tie the pertinent facts of the case to the scientific principles which [were] the subject of his testimony." *See Jordan,* 928 S.W.2d at 555; *see also Williams v. State*, 895 S.W.2d 363, 366 (Tex. Crim. App. 1994) (expert testimony that defendant's psychological profile was not compatible with profile of type of person who would have committed offense not helpful when expert failed to connect generic testimony to facts of case). Accordingly, we cannot conclude the trial court abused its discretion in determining that the Appellant failed to demonstrate by clear and convincing evidence the relevance of Steege's excluded testimony. *See Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990) (as long as trial court's ruling on relevance of evidence is "at least within the zone of reasonable disagreement, the appellate court will not intercede").

---

[6] With regard to Count I of the indictment, the camper involved testified that the Appellant had asked him to lay down on his bed and then started "masturbating" the boy's penis for approximately five minutes while breathing heavy, despite the boy saying that he wanted to leave. The boy further testified that after he left the bed, the Appellant told him to not tell the other camp counselor what had occurred.

8

Appellant additionally complains the trial court wrongfully excluded Steege's testimony during the punishment phase of trial. Appellant called Steege during the punishment phase to give his expert opinion on Appellant's risk of future dangerousness and suitability for community supervision. During direct examination, Steege testified to the jury that: (1) in the profession of psychology there are certain characteristics mental health professionals use in determining the risk associated with a sexual offender; (2) that he had tested the Appellant according to that criteria using multiple psychological testing methods; and (3) that he did not discover that the Appellant possessed any characteristics associated with a predatory, or risky, sex offender. The Appellant contends that the trial court wrongfully excluded Steege's opinion that the Appellant presented no risk to the community as long as he was under community supervision. All of the evidence presented in the Appellant's bill of exception, however, was presented to the jury. The fact that Steege was prevented from giving an opinion as to whether this evidence shows that the Appellant was a suitable candidate for probation does not mean the jury was prevented from considering and giving effect to this evidence in their determination of sentencing. *See Reyes v. State*, 84 S.W.3d 633, 639 (Tex. Crim. App. 2002) (no abuse of discretion where trial court permitted expert to present mitigating evidence but precluded expert from testifying as to his opinion that such evidence was mitigating). Finding no abuse of discretion, we overrule Appellant's second issue on appeal.

**JURY CHARGE**

In his third point of error, the Appellant contends the trial court committed reversible error by submitting a jury charge that erroneously defined the term "sexual contact" in the abstract

portion of the charge. In this case, the Appellant was charged with three counts of indecency with a child by contact. The penal code defines this offense as engaging in sexual contact with a child or causing a child to engage in sexual contact with the intent to arouse or gratify the sexual desire of any person. Tex. Penal Code § 21.11. "Sexual contact" is defined as including "any touching . . . of the anus, breast, or any part of the genitals of a child" if the act is "committed with intent to arouse or gratify the sexual desire of any person." *See id*. The Appellant's indictment for Count I, however, limited the charged offense by specifying that the Appellant had engaged in sexual contact with Burnet Co. Buck 2004-23 to gratify his own sexual desire. *See Crenshaw v. State,* 378 S.W.3d 460, 465 (Tex. Crim. 2012) (state is bound by allegations in charging instrument because criminal defendant is entitled to fair notice of the specific charged offense).

In the jury charge, the application paragraphs correctly tracked the indictment's language verbatim. Specifically, the application paragraphs instructed the jury:

> Now bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt that the defendant . . . , as alleged in the indictment, did then and there, with the intent to arouse and gratify the sexual desire of said defendant, intentionally or knowingly engage in sexual contact with Burnet Co. Buck 2004-23, by touching the genitals of Burnet Co. Buck 2004-23, a child younger than 17 years of age and not the spouse of the defendant, you will find the defendant guilty of the offense of Indecency with a Child by Contact and so say by your verdict in Count One, but if you do not so believe, or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict "Not Guilty."

The preceding abstract paragraph of the charge, however, defined sexual contact—using the definition from the penal code—as "any touching of the anus, breast, or any part of the genitals of

another person with intent to arouse or gratify the sexual desire *of any person*." *See* Tex. Penal Code § 21.11 (emphasis added).

The Appellant contends it was reversible error for the trial court to abstractly instruct the jury regarding the penal code definition for "sexual contact" because it authorized a conviction without requiring the jury to specifically find that "they believed that the defendant [acted] with the intent to arouse or gratify *his own sexual desire*." We disagree. In determining whether there is charge error, we must examine the charge as a whole and consider the interplay between the abstract or definitional part of the charge and the application portion of the charge that applies the law to the facts of the case. *Plata v. State*, 926 S.W.2d 300, 302 (Tex. Crim. App. 1996), *overruled on other grounds*, *Malik v. State*, 953 S.W.2d 234 (Tex. Crim. App. 1997). Generally, reversible error occurs in the giving of an abstract instruction only when the instruction is an incorrect or misleading statement of the law that the jury must understand in order to implement the commands of the application paragraph. *Crenshaw*, 378 S.W.3d at 466. This is true because an abstract statement of the law that goes beyond the allegations in the indictment is ordinarily "effectively restricted by the charge's application of the law to the facts, which should limit the jury's deliberations to the allegations in the indictment supported by the evidence." *See Sandig v. State*, 580 S.W.2d 584, 586 (Tex. Crim. App. 1979).

In this case, although the abstract portion of charge included the full statutory definition of "sexual contact," the application paragraphs properly authorized conviction only if the jury found beyond a reasonable doubt that the Appellant—as alleged in the indictment—acted with the intent to arouse and gratify his own sexual desires. Accordingly, the application paragraph

11

properly limited the jury's deliberations to the allegations in the indictment. Further, even if we were to find error, such error would not be reversible because the Appellant has not shown that he was sufficiently harmed. When an appellant properly objects to a jury charge, as here, we may reverse only if we find "some harm" from the jury charge error. *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g). Here, the Appellant contends he was harmed because the charge permitted the jury to convict him of an offense not charged in the indictment, but we have already overruled this argument. Further, reviewing the record of the trial as a whole, there was no evidence or argument that the Appellant had engaged in these acts to satisfy the sexual desire of any person other than himself. *See id.* at 171 (actual degree of harm arising from jury charge error must be "assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole."). Therefore, even if we found error, we cannot conclude the Appellant suffered harm requiring reversal of his convictions. *See Ramirez v. State*, 967 S.W.2d 919, 922 (Tex. App.—Beaumont 1998, no pet.) (including full statutory definition of "sexual contact" in abstract portion of jury charge harmless when application paragraph limited circumstances upon which jury was authorized to convict to circumstances alleged in indictment). Accordingly, we overrule Appellant's third point of error.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court as to Count I.

12

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Field

Affirmed

Filed: April 15, 2014

Do Not Publish