ACCEPTED
03-14-00575-CR
3802072
THIRD COURT OF APPEALS
AUSTIN, TEXAS
1/16/2015 3:09:26 PM
JEFFREY D. KYLE
CLERK

NO. 03-14-00575-CR

IN THE COURT OF APPEALS

OF THE THIRD DISTRICT OF TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
1/16/2015 3:09:26 PM
JEFFREY D. KYLE
Clerk

-------------------------

KELLY JAMES McCARTY,
                    Appellant

v.

THE STATE OF TEXAS
                    Appellee

-------------------------

Appeal in Cause No. 30842B in the
33rd Judicial District Court of Burnet County, Texas

-------------------------

*Brief For Appellee*

-------------------------

OFFICE OF DISTRICT ATTORNEY
33RD and 424th JUDICIAL DISTRICTS
Wiley B. McAfee, District Attorney
P. O. Box 725, Llano, Texas 78643
Telephone          Telecopier
(325) 247-5755    (325) 247-5274
g.bunyard@co.llano.tx.us

By: Gary W. Bunyard
    Assistant District Attorney
    State Bar No. 03353500
    ATTORNEY FOR APPELLEE

January 16, 2015

*Oral Argument Waived*

## *Identity Of The Parties*

Trial Court -  Plea in 2008 and Retrial in 2009

        Honorable Gilford L. Jones III (Retired)
        33rd Judicial District
        Burnet County Courthouse Annex (North)
        1701 East Polk St., Suite 74
        Burnet, TX 78611

Trial Court - Habeas Corpus Application

        Honorable Daniel H. Mills (former)
        424th Judicial District
        Burnet County Courthouse Annex (North)
        1701 East Polk St., Suite 74
        Burnet, TX 78611

State/Appellee

        Sam Oatman                     (Trial Counsel)
        District Attorney (Retired)
        P. O. Box 725
        Llano, Texas 78643
        (325) 247-5755
        State Bar No. 15161100

        Cheryl Nelson                  (Trial Counsel)
        Assistant District Attorney (former)
        P. O. Box 725
        Llano, Texas 78643
        (325) 247-5755
        State Bar No. 06839380

Gary Prust                                    (Trial Counsel)
Assistant District Attorney (former)
P. O. Box 725
Llano, Texas 78643
(325) 247-5755
State Bar No. 24056166


Gary W. Bunyard                               (Appellate Counsel - Count One,
Assistant District Attorney                    Habeas Corpus Counsel, Appellate
P. O. Box 725                                  Counsel - Count Three [present])
Llano, Texas 78643
(325) 247-5755
State Bar No. 03353500
g.bunyard@co.llano.tx.us

Appellant

Richard Davis                                 (Trial Counsel)
Public Defender (former)
P.O. Box 398
Burnet, TX 78611
State Bar No. 05537100

Travis Williams                               (Trial Counsel)
Assistant Public Defender (former)
P.O. Box 398
Burnet, TX 78611
State Bar No. 00797743

Revis Kanak                                   (Trial Counsel)
Assistant Public Defender (former)
P.O. Box 398
Burnet, TX 78611
State Bar No. 11091500

Evan Stubbs                          (Appellate Counsel - Count One)
Attorney at Law (currently 424th Judicial District Judge)
202 North Porter Street
Lampasas, TX 76550
State Bar No. 24039198


Kelly James McCarty             (Appellant Pro Se - Habeas Corpus and
114 Oakleaf Dr.                        Appeal - Count Three [present])
San Antonio, TX 78209
(210) 275-1875
kjmcc09@gmail.com

# Table Of Contents

Page

Index of Authorities................................................................................. vi

Statement of the Case.............................................................................. 2

Statement on Oral Argument................................................................. 4

Response to Issues Presented................................................................. 5

Statement of the Facts............................................................................. 6

Summary of the Argument - Response to Issue No. 1.................. 8

      The trial court properly denied the relief
      requested in Appellant's Application for Writ
      of Habeas Corpus filed under Art. 11.072 of
      the Texas Code of Criminal Procedure because
      the relief requested is not authorized by Art.
      11.072.

Argument on Response to Issue No. 1........................................ 9

Prayer for Relief.................................................................................. 12

Certificate of Word Count................................................................. 13

Certificate of Service.......................................................................... 13

Appendix I (Indictment)................................................................... 14

Appendix II (Judgment Deferring Adjudication of Guilt)............... 18

Appendix III (Order setting aside the Judgment Deferring
      Adjudication of Guilt)............................................................ 21

Appendix IV (Judgments on Count One, Count Two,
    and Count Three)................................................................ 23

Appendix V (Order Dismissing Appeal)........................................ 29

Appendix VI (Order Granting Out-Of-Time Appeal for Count One) 32

Appendix VII (Memorandum Opinion Affirming Conviction)....... 35

Appendix VIII (Terms and Conditions of Probation).................... 49

Appendix IX (Application for Writ of Habeas Corpus under
    Art. 11.08................................................................................ 56

# Index Of Authorities

Case Law                                                 Page

Ex parte Ali, 368 S.W.3d 827 (Tex. App. -
Austin 2012, *pet. ref'd*)...................................................... 10

Ex parte Ayers, 921 S.W.2d 438, 440 (Tex. App.--Houston
[1st Dist.] 1996, no pet.)...................................................... 9

Ex parte Balderrama, 214 S.W.3d 530 (Tex. App. -
Austin 2006, *pet. ref'd*)...................................................... 10, 11

Ex parte Enriquez, 227 S.W.3d 779 (Tex. App. -
El Paso 2005, *pet. ref'd*)...................................................... 10

Ex parte Mann, 34 S.W.3d 716, 718 (Tex. App.--
Fort Worth 2000, no pet.)...................................................... 9

Ex parte McPherson, 32 S.W.3d 860 (Tex. Crim. App. 2000)....... 11

Ex parte Phillips, 02-08-259-CR *unpublished opinion*
(Tex. App. - Fort Worth 2008, *no pet.*)............................... 11

Guzman v. State, 955 S.W.2d 85 (Tex. Crim. App. 1997)............. 9

Morin v. State, 13-05-00181-CR *unpublished opinion*
(Tex. App. - Corpus Christi 2006, *no pet.*)......................... 10


Constitutions

None cited

Statutes/Rules

TEX. R. APP. PROC. Rule 38.1(d)................................................. 2

TEX. CODE CRIM. PROC. Art. 11.072 Sec. 1............................... 10

TEX. CODE CRIM. PROC. Art. 11.072 Sec. 2 (b)....................... 10

TEX. CODE CRIM. PROC. Art. 11.08......................................... 11

NO. 03-14-00575-CR

IN THE

COURT OF APPEALS

OF THE THIRD DISTRICT OF TEXAS

------------------------

KELLY JAMES McCARTY,
                                                    Appellant

v.

THE STATE OF TEXAS
                                                    Appellee

------------------------

Appeal in Cause No. 30842B
in the 33rd Judicial District Court of
Burnet County, Texas

------------------------

## *Brief For Appellee*

To The Honorable Justices Of Said Court:

Now comes the State of Texas, hereinafter called Appellee, and submits this brief pursuant to the provisions of the Texas Rules of Appellate Procedure in support of the State's request affirm the judgment of the trial court.

1

## Statement Of The Case

Appellant has not adequately described the Statement of the Case under the provisions of Rule 38.1(d) TEX. R. APP. PROC.

Applicant was indicted on September 9, 2004, for three counts of Indecency With a Child by Contact, each count involving separate children. APPENDIX I. A trial by jury was conducted in February 2006, however, a mistrial was declared by the trial court on the grounds that the jury was unable to come to a unanimous verdict. On February 22, 2008, pursuant to a plea bargain agreement, the trial court accepted Applicant's plea of Guilty to a single count of Injury to a Child as a lesser-included offense. The trial court deferred adjudication of guilt and placed Applicant on Community Supervision for a period of five years. APPENDIX II. On February 9, 2009, the trial court granted Applicant's motion to withdraw his plea of Guilty. APPENDIX III.

A jury trial was then conducted and on March 7, 2009, the jury returned a verdict of Guilty as to Count One and Count Three and a verdict of Not Guilty as to Count Two. The punishment was assessed by the jury at five years imprisonment in TDCJ, which was not recommended to be probated, on Count One and ten years imprisonment in TDCJ, which was recommended to be probated, on Count Three.

2

The trial court ordered the term of community supervision for Count Three to begin when the sentence imposed in Count One ceased to operate. APPENDIX IV. Although Applicant's counsel filed a Notice of Appeal, such filing was untimely. APPENDIX V.

Applicant filed an Application for Writ of Habeas Corpus under art. 11.07 of the Code of Criminal Procedure. On August 26, 2011, the Court of Criminal Appeals granted Applicant an out-of-time appeal as to Count One but dismissed his claim as to Count Three under art. 11.07 Sec. 3(a). APPENDIX VI.

On appeal of Count One, the Court of Appeals affirmed the conviction and sentence on April 15, 2014. APPENDIX VII. Upon his release from incarceration, Appellant, acting pro se, then filed this Application for Writ of Habeas Corpus under art. 11.072 of the Code of Criminal Procedure seeking an out-of-time appeal of Count Three. CR Vol. 1 Pages 3 - 6. The trial court denied the relief requested by Appellant. CR Vol. 1 Page 12. This appeal was then initiated. CR Vol 1 Pages 11, 13.

## *Statement on Oral Argument*

The undersigned waives Oral Argument. The undersigned does not believe that Oral Argument will be beneficial for this case for the reason that the issues are straight forward and lack any novel or complex nuances. Appellant has waived Oral Argument. Should the Court believe that Oral Argument will assist the Court in any way, the undersigned will gladly accommodate the Court.

## *Response To Issues Presented*

Response To Issue One: The trial court properly denied the relief requested in Appellant's Application for Writ of Habeas Corpus filed under Art. 11.072 of the Texas Code of Criminal Procedure because the relief requested is not authorized by Art. 11.072.

## *Statement Of The Facts*

Appellant has not fully described the facts of this case.

In the case that is the focus of this appeal, Appellant was a camp counselor in charge of 10 year old boys. RR Vol. 4 Pages 93 - 94. The boys and Appellant lived together during the camp period in a dormitory. RR Vol. 4 Page 98. As described by victim Burnet County Buck 2004-25, Appellant taught the boys to pour Gold Bond powder on the boys' penises and then rub the penises with water to create a stinging sensation. RR Vol. 4 Pages 100 - 101. Then Appellant touched the penis of Burnet County Buck 2004-25 telling him that he should get used to pulling the foreskin back because girls will get freaked out seeing an uncircumcised penis. Appellant also told Burnet County Buck 2004-25 that he needed to get a "boner" to help pull it back. RR Vol. 4 Pages 104 - 105. This touching of the penis of Burnet County Buck 2004-25 happened after Appellant showed the boys the "Gold Bond" trick. RR Vol. 4 Pages 109 - 110. Appellant also told the boys in the dorm that they needed to get used to getting naked around boys because they would have to do it in the locker room at school. RR Vol. 4 Pages 107, 110. Appellant told the boys if they get naked they can listen to their favorite songs. RR Vol. 4 Pages 111, 116.

Appellant was convicted by the jury for this conduct and on March 7, 2009, the jury assessed punishment at 10 years imprisonment and a fine of $10,000 with a recommendation that both the find and the imprisonment be probated. APPENDIX IV. The trial court imposed its standard terms and conditions of probation for sex offenders. APPENDIX VIII.

As described by Appellant, the original Notice of Appeal was not timely filed. APPENDIX V. As relief granted in Appellant's Application for Writ of Habeas Corpus filed under art. 11.07 of the Code of Criminal Procedure, the Court of Criminal Appeals permitted Appellant to pursue an appeal of his conviction in Count One but dismissed the claim as to Count Three because of the limitations under art. 11.07 Sec. 3(a). APPENDIX VI. No further action was taken by Appellant as to the conviction under Count Three until Appellant was released from prison on his sentence under Count One and the probation imposed under Count Three began, at which time Appellant filed the instant Application for Writ of Habeas Corpus under art. 11.072 of the Code of Criminal Procedure in which the remedy Appellant seeks is an out-of-time appeal for Count Three. CR Vol. 1 Pages 3 - 6.

## Summary Of The Argument on
## Response to Issue No. 1

(1) The trial court properly denied the relief requested in Appellant's Application for Writ of Habeas Corpus filed under Art. 11.072 of the Texas Code of Criminal Procedure because the relief requested is not authorized by Art. 11.072.

Appellant complains that his right to effective assistance of counsel under the Fourteenth Amendment was violated and that the trial court's denial of the relief requested in his art. 11.072 writ application was a denial of Appellant's right to due process. However, the relief requested by Appellant in his art. 11.072 writ application is for an out-of-time appeal. This is not a relief that is authorized under art. 11.072 of the Code of Criminal Procedure.

## Argument On Response to Issue No. 1

A trial court's decision to grant or deny relief on a writ of habeas corpus under an abuse of discretion standard of review. Ex parte Mann, 34 S.W.3d 716, 718 (Tex. App.--Fort Worth 2000, no pet.); Ex parte Ayers, 921 S.W.2d 438, 440 (Tex. App.--Houston [1st Dist.] 1996, no pet.).

As a general rule, the appellate courts, should afford almost total deference to a trial court's determination of the historical facts that the record supports especially when the trial court's fact findings are based on an evaluation of credibility and demeanor. The appellate courts should afford the same amount of deference to trial courts' rulings on "application of law to fact questions," also known as "mixed questions of law and fact," if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor. The appellate courts may review de novo "mixed questions of law and fact" not falling within this category. Guzman v. State, 955 S.W.2d 85 (Tex. Crim. App. 1997).

In habeas corpus proceedings, virtually every fact finding involves a credibility determination and the fact finder is the exclusive judge of the credibility of the witnesses. In a Tex. Code Crim. Proc. Ann. art. 11.072 habeas case, the trial court is the sole finder of fact. There is less leeway in an article 11.072 context to disregard the findings of a trial court" than there is in a Tex. Code Crim. Proc. Ann. art. 11.07

habeas case, in which the Court of Criminal Appeals of Texas is the ultimate fact finder. Thus, the familiar Guzman standard of review controls in such cases. Under this standard, the appellate court affords almost total deference to a trial court's factual findings when supported by the record, especially when those findings are based upon credibility and demeanor. Ex parte Ali, 368 S.W.3d 827 (Tex. App. - Austin 2012, *pet. ref'd*).

Art. 11.072 establishes the procedures for an application for writ of habeas corpus in which the applicant seeks relief from an order or judgment of conviction ordering community supervision. TEX. CODE CRIM. PROC. Art. 11.072 Sec. 1. The two forms of relief authorized under Art. 11.072 are that the application must either challenge the legal validity of the conviction or order in which the community supervision is imposed or the legal validity of the conditions of the community supervision. TEX. CODE CRIM. PROC. Art. 11.072 Sec. 2 (b).

Challenges to the legal validity of the conviction or order in which the community supervision is imposed would include claims of actual innocence (Morin v. State, 13-05-00181-CR *unpublished opinion* [Tex. App. - Corpus Christi 2006, *no pet.* ]), insufficiency of the evidence (Ex parte Balderrama, 214 S.W.3d 530 [Tex. App. - Austin 2006, *pet. ref'd*]), ineffective assistance of counsel at trial (Ex parte Enriquez, 227 S.W.3d 779 [Tex. App. - El Paso 2005, *pet. ref'd*]), and involuntary

plea (Ex parte Phillips, 02-08-259-CR *unpublished opinion* [Tex. App. - Fort Worth 2008, *no pet.*]). In comparison, the relief being sought by Appellant is not a direct challenge to the legal validity to the conviction or order in which his community supervision was imposed but a complaint that he was not afforded his right of direct appeal due to the failure of his first appellate counsel in filing the Notice of Appeal untimely and due to his second appellate counsel failing to pursue an appeal of this Count Three conviction by way of habeas corpus once the Court of Criminal Appeals dismissed his claim on Count Three in the art. 11.07 habeas corpus order.

Art. 11.08 has been held to be the vehicle by which persons who are subject to community supervision may seek relief which is not otherwise available under Art. 11.072. TEX. CODE CRIM. PROC. Art. 11.08; *see* Ex parte McPherson, 32 S.W.3d 860, 861 (Tex. Crim. App. 2000)(*Because Applicant's initial application seeking an out-of-time appeal did not pertain to the validity of the prosecution or the judgment of guilt, it was not a challenge to the conviction....*); Ex parte Balderrama, 214 S.W.3d 530 [Tex. App. - Austin 2006, *pet. ref'd*]). In fact Appellant has already determined this distinction and has filed an Application for Writ of Habeas Corpus under Art. 11.08 with the clerk of the trial court which has been docketed as 30842C and is currently pending. APPENDIX IX.

For these reasons the relief requested by Appellant in his Issue No. 1 must be

denied and the order of the trial court denying the relief requested be affirmed.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Appellee prays the Court deny

Appellant's appeal and affirm the judgment of the trial court.

Respectfully submitted,

OFFICE OF DISTRICT ATTORNEY
33RD and 424th JUDICIAL DISTRICTS
Wiley B. McAfee, District Attorney
P. O. Box 725
Llano, Texas 78643
Telephone          Telecopier
(325) 247-5755    (325) 247-5274

By: _____
Gary W. Bunyard
Assistant District Attorney
State Bar No. 03353500
g.bunyard@co.llano.tx.us
ATTORNEY FOR APPELLEE

12

## CERTIFICATE OF WORD COUNT

This is to certify that the pertinent portion of this brief contains 1,379 words printed in Times New Roman 14 font according to the WordPerfect™ X7 word count tool.

Gary W. Bunyard

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the above and foregoing instrument, together with this proof of service hereof, has been forwarded by standard mail on the 16th day of January 2014, to Kelly James McCarty, Appellant Pro Se, by email and by EServe.

Gary W. Bunyard
Assistant District Attorney

13

# APPENDIX I

NO. **30842**   THE STATE OF TEXAS VS. <u>KELLY JAMES MCCARTY</u>

INDICTMENT:   <u>INDECENCY WITH A CHILD BY CONTACT - 3 Counts</u>

DEGREE OF FELONY <u>SECOND DEGREE</u>   OFFENSE CODE <u>36010001</u> BOND _75,000_

<u>IN THE 33RD JUDICIAL DISTRICT COURT OF BURNET COUNTY, TEXAS</u> _(EXISTING 3 BOND ARE ADEQUATE)_

---

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF <u>TEXAS</u>:

<u>COUNT ONE: INDECENCY WITH A CHILD BY CONTACT</u>

THE GRAND JURY, for the County of <u>BURNET</u>, State of Texas, duly organized, impaneled and sworn as such at the <u>April Term, A.D. 2004</u>, of the 33rd Judicial District Court for said County, upon their oaths present in and to said court at said term that <u>KELLY JAMES MCCARTY</u>, hereinafter referred to as Defendant, on or about the <u>28th</u> day of <u>July, 2004</u>, and before the presentment of this Indictment, in the County of <u>BURNET</u>, and the State of Texas, did then and there, with the intent to arouse or gratify the sexual desire of the said defendant, intentionally or knowingly engage in sexual contact with BURNET CO. BUCK 2004-23 by touching the genitals of BURNET CO. BUCK 2004-23, a child younger than 17 years of age and not the spouse of the defendant,

1 of 3

DANA DEBERRY
CLERK DISTRICT COURT, BURNET COUNTY TEXAS
FILED

SEP 0 9 2004

AT 4:23 O'CLOCK P M
BY _____ DEPUTY

## COUNT TWO:  INDECENCY WITH A CHILD

And the Grand Jurors aforesaid, upon their oaths aforesaid, do further say, charge and present in and to said Court at said Term that on or about the 28th day of July, 2004, and anterior to the presentment of this Indictment, in the said County of BURNET, State of Texas, the said KELLY JAMES MCCARTY, hereinafter referred to as defendant, did then and there, with the intent to arouse or gratify the sexual desire of the said defendant, intentionally or knowingly engage in sexual contact with BURNET CO. BUCK 2004-24 by touching the genitals of BURNET CO. BUCK 2004-24, a child younger than 17 years of age and not the spouse of the defendant,

## COUNT THREE:  INDECENCY WITH A CHILD

And the Grand Jurors aforesaid, upon their oaths aforesaid, do further say, charge and present in and to said Court at said Term that on or about the 28th day of July, 2004, and anterior to the presentment of this Indictment, in the said County of _BURNET_, State of Texas, the said KELLY JAMES MCCARTY, hereinafter referred to as defendant, did then and there, with the intent to arouse or gratify the sexual desire of the said defendant, intentionally or knowingly engage in sexual contact with BURNET CO. BUCK 2004-25 by touching the genitals of BURNET CO. BUCK 2004-25, a child younger than 17 years of age and not the spouse of the defendant,

AGAINST THE PEACE AND DIGNITY OF THE STATE.

FOREMAN OF THE GRAND JURY

3 of 3



*APPENDIX II*





| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 33RD DISTRICT |
| | § | |
| V. | § | COURT |
| | § | |
| KELLY JAMES MCCARTY | § | BURNET COUNTY, TEXAS |
| | § | |
| STATE ID NO.: TX | § | |

## ORDER OF DEFERRED ADJUDICATION

| Judge Presiding: | HON. GUILFORD L. JONES, III | Date Order Entered: | 2/22/2008 |
|---|---|---|---|

| Attorney for State: | CHERYL NELSON | Attorney for Defendant: | |
|---|---|---|---|

**Offense:**
INJURY TO A CHILD

| Charging Instrument: | Statute for Offense: |
|---|---|
| INDICTMENT | Sec. 22.04 Penal Code |

**Date of Offense:**
7/28/2004

| Degree of Offense: | Plea to Offense: | Findings on Deadly Weapon: |
|---|---|---|
| 3RD DEGREE FELONY | GUILTY | N/A |

**Terms of Plea Bargain:**
FIVE (5) YEARS DEFERRED ADJUDICATION, $3,000 FINE, NO CONTACT WITH CHILDREN UNDER 17 YEARS OF AGE, NO CONTACT WITH VICTIMS OR THEIR FAMILIES, AND SEX OFFENDER COUNSELING WITH A PROVIDER AND PROGRAM APPROVED BY DR. MATTHEW FERRERA.

| Plea to 1st Enhancement Paragraph: | N/A | Plea to 2nd Enhancement/Habitual Paragraph: | N/A |
|---|---|---|---|
| Findings on 1st Enhancement Paragraph: | N/A | Findings on 2nd Enhancement/Habitual Paragraph: | N/A |

### ADJUDICATION OF GUILT DEFERRED;
### DEFENDANT PLACED ON COMMUNITY SUPERVISION.

### PERIOD OF COMMUNITY SUPERVISION: FIVE (5) YEARS

| Fine: | Court Costs: | Restitution: | Restitution Payable to: | |
|---|---|---|---|---|
| $ 3,000 | $ 405 | $ N/A | ☐ VICTIM (see below) | ☐ AGENCY/AGENT (see below) |

**Sex Offender Registration Requirements apply to the Defendant.** TEX. CODE CRIM. PROC. chapter 62

The age of the victim at the time of the offense was **11 years.**

| Time Credited: | N/A DAYS |
|---|---|
| | NOTES: N/A |

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in Burnet County, Texas. The State appeared by her District Attorney as named above.

**Counsel / Waiver of Counsel (select one)**

☒ Defendant appeared in person with Counsel.
☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

Both parties announced ready for trial. Defendant waived the right of trial by jury and entered a plea as indicated above. The Court admonished the Defendant as required by law. It appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea. The Court received the plea and entered it of record. Having heard the evidence submitted, the Court FINDS such evidence substantiates Defendant's guilt. The Court FINDS that, in this cause, it is in the best interest of society and Defendant to defer proceedings without entering an adjudication of guilt and to place Defendant on community supervision.

The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court ORDERS that Defendant is given credit noted above for the time spent incarcerated. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

The Court ORDERS that no judgment shall be entered at this time. The Court further ORDERS that Defendant be placed on community supervision for the adjudged period so long as Defendant abides by and does not violate the terms and conditions of community supervision. See TEX. CODE CRIM. PROC. art. 42.12 § 5(a).

<u>Furthermore, the following special findings or orders apply:</u>

Signed and entered on  2/22/08

X _____

JUDGE PRESIDING

Clerk:



Right Thumbprint

# APPENDIX III

Cause No. 30842

| | |
|---|---|
| STATE OF TEXAS | IN THE DISTRICT COURT OF |
| v. | Burnet COUNTY, TEXAS |
| KELLY JAMES MCCARTY | 33RD JUDICIAL DISTRICT |

## ORDER SETTING ASIDE ORDER OF DEFERRED ADJUDICATION

Came on to be considered on February 25, 2008, Oral Motion to Set Aside Order of Deferred Adjudication and Withdraw Plea of Guilty filed by Defendant, Kelly James McCarty

Appearances:   State of Texas by her Assistant District Attorney Cheryl Nelson and Defendant McCarty and his attorney Tim Inman.

On February 22, 2008 all parties were present in court and Defendant entered his plea of guilty to the offense, which plea was accepted by the Court and he was placed on deferred adjudication probation. All relevant papers were signed and the Community Supervision and Corrections Department (CSCD) made contact with the Interstate Compact for Adult Probationers for permission to transfer the case to Defendant's home state. He was instructed to remain in Texas until clearance was gained and he did so. On Monday, February 25,2008 all parties again appeared in court.

On February 25, 2008 all parties were advised by CSCD that transfer was denied by the Compact, whereupon Defendant, through his attorney, moved to set aside the Order of Deferred Adjudication and to withdraw his plea of guilty. The Court granted the motion and from the bench pronounced the granting of the motion and thereupon set aside the Order.

Counsel were instructed to prepare an order to memorialize the action taken but the same was not done. Therefore, this Order is entered to evidence such prior action.

Richard Davis has since been appointed to represent the Defendant.

The Court is of the opinion that the same should be Granted, accordingly, it is

**ORDERED AND DECREED** that the Order of Deferred Adjudication signed by the Court on February 22, 2008 was and hereby is SET ASIDE for all purposes and held for naught.

Signed on FEB 9, 2009.

_____
Guilford L. Jones
Presiding Judge

AGREED AS TO SUBSTANCE AND FORM:

_____
Cheryl Nelson, Ass't Dist. Atty.

_____
Richard Davis, (current) Atty. For Defendant

FILED _____ O'CLOCK ____ M
DATE ____ DEPUTY DISTRICT CLERK

FEB - 9 2009

DISTRICT COURT BURNET COUNTY, TX
DEPUTY

C:\Documents and Settings\Gil\My Documents\BU30842McCarty_Order_vacate.doc

# APPENDIX IV

INCIDENT NO./TRN:

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 33RD DISTRICT |
| | § | |
| V. | § | COURT |
| | § | |
| KELLY JAMES MCCARTY | § | BURNET COUNTY, TEXAS |
| | § | |
| STATE ID NO.: TX | § | |

MAR 9 2009

## JUDGMENT OF CONVICTION BY JURY

| | | |
|---|---|---|
| Judge Presiding: **HON. GUILFORD L. JONES, III** | Date Judgment Entered: | **3/7/2009** |
| Attorney for State: **CHERYL NELSON** | Attorney for Defendant: | **RICHARD DAVIS** |

Offense for which Defendant Convicted:
**INDECENCY WITH A CHILD BY CONTACT**

| | |
|---|---|
| Charging Instrument: **INDICTMENT** | Statute for Offense: **21.11 Penal Code** |

Date of Offense:
**7/28/2004**

| | |
|---|---|
| Degree of Offense: **2ND DEGREE FELONY** | Plea to Offense: **NOT GUILTY** |
| Verdict of Jury: **GUILTY** | Findings on Deadly Weapon: **N/A** |
| Plea to 1st Enhancement Paragraph: **N/A** | Plea to 2nd Enhancement/Habitual Paragraph: **N/A** |
| Findings on 1st Enhancement Paragraph: **N/A** | Findings on 2nd Enhancement/Habitual Paragraph: **N/A** |

| | | |
|---|---|---|
| Punished Assessed by: **JURY** | Date Sentence Imposed: **3/7/2009** | Date Sentence to Commence: **3/7/2009** |

| | |
|---|---|
| Punishment and Place of Confinement: | **Five (5) YEARS INSTITUTIONAL DIVISION, TDCJ** |

THIS SENTENCE SHALL RUN ~~CONSECUTIVELY~~ (see below). *CONCURRENTLY*

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR **N/A** .

| Fine: | Court Costs: | Restitution: | Restitution Payable to: |
|---|---|---|---|
| $ 10,000 | $ 549.00 | $ N/A | ☐ VICTIM (see below)   ☐ AGENCY/AGENT (see below) |

**Sex Offender Registration Requirements apply to the Defendant.** TEX. CODE CRIM. PROC. chapter 62.

The age of the victim at the time of the offense was **Ten (10) years.**

| | | | | | | |
|---|---|---|---|---|---|---|
| | If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order. | | | | | |
| Time Credited: | From | to | From | to | From | to |
| | From | to | From | to | From | to |
| | If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below. | | | | | |
| | **DAYS** NOTES: **N/A** | | | | | |

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in **Burnet** County, Texas. The State appeared by her District Attorney.

**Counsel / Waiver of Counsel (select one)**

☒ Defendant appeared in person with Counsel.
☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

It appeared to the Court that Defendant was mentally competent and had pleaded as shown above to the charging instrument. Both parties announced ready for trial. A jury was selected, impaneled, and sworn. The INDICTMENT was read to the jury, and Defendant entered a plea to the charged offense. The Court received the plea and entered it of record.

The jury heard the evidence submitted and argument of counsel. The Court charged the jury as to its duty to determine the guilt or innocence of Defendant, and the jury retired to consider the evidence. Upon returning to open court, the jury delivered its verdict in the presence of Defendant and defense counsel, if any.

The Court received the verdict and **ORDERED** it entered upon the minutes of the Court.

**Punishment Assessed by Jury / Court / No election (select one)**

☒ **Jury.** Defendant entered a plea and [...]d a written election to have the jury assess [pu]nishment. The jury heard evidence relative to the question of punishment. The Court charged the jury and it retired to consider the question of punishment. After due deliberation, the jury was brought into Court, and, in open court, it returned its verdict as indicated above.

☐ **Court.** Defendant elected to have the Court assess punishment. After hearing evidence relative to the question of punishment, the Court assessed Defendant's punishment as indicated above.

☐ **No Election.** Defendant did not file a written election as to whether the judge or jury should assess punishment. After hearing evidence relative to the question of punishment, the Court assessed Defendant's punishment as indicated above.

The Court **FINDS** Defendant committed the above offense and **ORDERS, ADJUDGES AND DECREES** that Defendant is **GUILTY** of the above offense. The Court **FINDS** the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court **ORDERS** Defendant punished as indicated above. The Court **ORDERS** Defendant to pay all fines, court costs, and restitution as indicated above.

### Punishment Options (select one)

☒ **Confinement in State Jail or Institutional Division.** The Court **ORDERS** the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the **Director, Institutional Division, TDCJ.** The Court **ORDERS** Defendant to be confined for the period and in the manner indicated above. The Court **ORDERS** Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court **ORDERS** that upon release from confinement, Defendant proceed immediately to the Burnet County District Clerk. Once there, the Court **ORDERS** Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **County Jail—Confinement / Confinement in Lieu of Payment.** The Court **ORDERS** Defendant immediately committed to the custody of the Sheriff of _____ County, Texas on the date the sentence is to commence. Defendant shall be confined in the _____ County Jail for the period indicated above. The Court **ORDERS** that upon release from confinement, Defendant shall proceed immediately to the _____. Once there, the Court **ORDERS** Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **Fine Only Payment.** The punishment assessed against Defendant is for a **FINE ONLY.** The Court **ORDERS** Defendant to proceed immediately to the Office of the _____ County . Once there, the Court **ORDERS** Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

### Execution / Suspension of Sentence (select one)

☒ The Court **ORDERS** Defendant's sentence **EXECUTED.**

☐ The Court **ORDERS** Defendant's sentence of confinement **SUSPENDED.** The Court **ORDERS** Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court **ORDERS** that Defendant is given credit noted above on this sentence for the time spent incarcerated.

### Furthermore, the following special findings or orders apply:

_____

**Signed and entered on March 7, 2009**

X _____

**HON. GUILFORD L. JONES, III**
JUDGE PRESIDING

Clerk:

Right Thumbprint

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 33RD DISTRICT |
| | § | |
| V. | § | COURT |
| | § | |
| KELLY JAMES MCCARTY | § | BURNET COUNTY, TEXAS |
| | § | |
| STATE ID NO.: TX | § | |
| | § | |

## JUDGMENT OF ACQUITTAL BY JURY

| Judge Presiding: | HON. GUILFORD L. JONES, III | Date Judgment Entered: | 3/7/2009 |
|---|---|---|---|
| Attorney for State: | CHERYL NELSON | Attorney for Defendant: | RICHARD DAVIS |

**Charged Offense:**
INDECENCY WITH A CHILD BY CONTACT

| **Charging Instrument:** INDICTMENT | **Statute for Offense:** 21.11 Penal Code |
|---|---|

**Plea to Offense:**
NOT GUILTY

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in Burnet County, Texas. The State appeared by her District Attorney.

**Counsel / Waiver of Counsel (select one)**

☒ Defendant appeared in person with Counsel.

☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

It appeared to the Court that Defendant was mentally competent and had pleaded as shown above to the charging instrument. Both parties announced ready for trial. A jury was selected, impaneled, and sworn. The INDICTMENT was read to the jury, and Defendant entered a plea of NOT GUILTY to the charged offense. The Court received the plea and entered it of record.

The jury heard the evidence submitted and the argument of counsel. The Court charged the jury as to its duty to determine the guilt or innocence of Defendant, and the jury retired to consider the evidence. Upon returning to open court, the jury delivered its verdict. The Court received the jury's verdict and ordered the verdict entered of record upon the minutes of the Court as follows:

## "We, the Jury, find the defendant NOT GUILTY."

The Court ORDERS, ADJUDGES, AND DECREES that Defendant is NOT GUILTY of the charged offense as FOUND BY THE VERDICT OF THE JURY. The Court FURTHER ORDERS Defendant immediately discharged.

Signed and entered on March 7, 2009

X _____
HON. GUILFORD L. JONES, III
JUDGE PRESIDING

Clerk:

FILED 10:58 O'CLOCK P M
DANA DEBERRY, DISTRICT CLERK

MAR 9 2009

DISTRICT COURT OF BURNET COUNTY, TX
_____ DEPUTY

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 33RD DISTRICT |
| | § | |
| V. | § | COURT |
| | § | |
| KELLY JAMES McCARTY | § | BURNET COUNTY, TEXAS |
| | § | |
| STATE ID NO.: TX | § | |

## JUDGMENT OF CONVICTION BY JURY

| | | | |
|---|---|---|---|
| Judge Presiding: | HON. GUILFORD L. JONES, III | Date Judgment Entered: | 3/7/2009 |
| Attorney for State: | CHERYL NELSON | Attorney for Defendant: | RICHARD DAVIS |

Offense for which Defendant Convicted:

**INDECENCY WITH A CHILD BY CONTACT**

| | |
|---|---|
| Charging Instrument: | Statute for Offense: |
| **INDICTMENT** | **21.11 Penal Code** |

Date of Offense:

**7/28/2004**

| | |
|---|---|
| Degree of Offense: | Plea to Offense: |
| **2ND DEGREE FELONY** | **NOT GUILTY** |
| Verdict of Jury: | Findings on Deadly Weapon: |
| **GUILTY** | **N/A** |

| | | | |
|---|---|---|---|
| Plea to 1st Enhancement Paragraph: | **N/A** | Plea to 2nd Enhancement/Habitual Paragraph: | **N/A** |
| Findings on 1st Enhancement Paragraph: | **N/A** | Findings on 2nd Enhancement/Habitual Paragraph: | **N/A** |

| | | |
|---|---|---|
| Punished Assessed by: | Date Sentence Imposed: | Date Sentence to Commence: |
| **JURY** | **3/7/2009** | **3/7/2009** |

| | |
|---|---|
| Punishment and Place of Confinement: | **Ten (10) YEARS INSTITUTIONAL DIVISION, TDCJ** |

**THIS SENTENCE SHALL RUN CONSECUTIVELY (see below).**

☒ **SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR Ten (10) YEARS.**

| Fine: | Court Costs: | Restitution: | Restitution Payable to: |
|---|---|---|---|
| **$ 10,000 PROBATED** | $ n/a | $ N/A | ☐ VICTIM (see below)   ☐ AGENCY/AGENT (see below) |

**Sex Offender Registration Requirements apply to the Defendant.** TEX. CODE CRIM. PROC. chapter 62.

The age of the victim at the time of the offense was **Ten (10) years**.

| | If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order. | | | | | |
|---|---|---|---|---|---|---|
| Time Credited: | From | to | From | to | From | to |
| | From | to | From | to | From | to |

If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below.

**DAYS NOTES: N/A**

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in **Burnet** County, Texas. The State appeared by her District Attorney.

**Counsel / Waiver of Counsel (select one)**

☒ Defendant appeared in person with Counsel.

☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

It appeared to the Court that Defendant was mentally competent and had pleaded as shown above to the charging instrument. Both parties announced ready for trial. A jury was selected, impaneled, and sworn. The INDICTMENT was read to the jury, and Defendant entered a plea to the charged offense. The Court received the plea and entered it of record.

The jury heard the evidence submitted and argument of counsel. The Court charged the jury as to its duty to determine the guilt or innocence of Defendant, and the jury retired to consider the evidence. Upon returning to open court, the jury delivered its verdict in the presence of Defendant and defense counsel, if any.

The Court received the verdict and ORDERED it entered upon the minutes of the Court.

**Punishment Assessed by Jury / Court / No election (select one)**

☒ **Jury.** Defendant entered a plea and filed a written election to have the jury assess punishment. The jury heard evidence relative to the question of punishment. The Court charged the jury and it retired to consider the question of punishment. After due deliberation, the jury was brought into Court, and, in open court, it returned its verdict as indicated above.

☐ **Court.** Defendant elected to have the Court assess punishment. After hearing evidence relative to the question of punishment, the Court assessed Defendant's punishment as indicated above.

☐ **No Election.** Defendant did not file a written election as to whether the judge or jury should assess punishment. After hearing evidence relative to the question of punishment, the Court assessed Defendant's punishment as indicated above.

The Court **Finds** Defendant committed the above offense and **ORDERS, ADJUDGES AND DECREES** that Defendant is **GUILTY** of the above offense. The Court **Finds** the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court **Orders** Defendant punished as indicated above. The Court **Orders** Defendant to pay all fines, court costs, and restitution as indicated above.

### Punishment Options (select one)

☒ **Confinement in State Jail or Institutional Division.** The Court **Orders** the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the **Director, Institutional Division, TDCJ.** The Court **Orders** Defendant to be confined for the period and in the manner indicated above. The Court **Orders** Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court **Orders** that upon release from confinement, Defendant proceed immediately to the Burnet County District Clerk. Once there, the Court **Orders** Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **County Jail—Confinement / Confinement in Lieu of Payment.** The Court **Orders** Defendant immediately committed to the custody of the Sheriff of _____ County, Texas on the date the sentence is to commence. Defendant shall be confined in the _____ County Jail for the period indicated above. The Court **Orders** that upon release from confinement, Defendant shall proceed immediately to the _____ . Once there, the Court **Orders** Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **Fine Only Payment.** The punishment assessed against Defendant is for a **FINE ONLY.** The Court **Orders** Defendant to proceed immediately to the Office of the _____ County . Once there, the Court **Orders** Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

### Execution / Suspension of Sentence (select one)

☐ The Court **Orders** Defendant's sentence **EXECUTED.**

☒ The Court **Orders** Defendant's sentence of confinement **SUSPENDED.** The Court **Orders** Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court **Orders** that Defendant is given credit noted above on this sentence for the time spent incarcerated.

### Furthermore, the following special findings or orders apply:

*FOR CLARIFICATION - THIS COUNT RUNS CONSECUTIVELY TO COUNT ONE 6-24-09*

**Signed and entered on March 7, 2009**

X _Guilford Jones_

**HON. GUILFORD L. JONES, III**
JUDGE PRESIDING

Right Thumbprint

Clerk:


*APPENDIX V*

# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00378-CR

Kelly James McCarty, Appellant

v.

The State of Texas, Appellee



FILED \\.5.4 O'CLOCK ☉☉ M
DANA DEBERRY, DISTRICT CLERK

JUL 2 3 2009

DISTRICT COURT OF BURNET COUNTY, TX
_____ DEPUTY

### FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT
### NO. 30842, HONORABLE GUILFORD L. JONES, III, JUDGE PRESIDING

## MEMORANDUM OPINION

Kelly James McCarty seeks to appeal convictions for two counts of indecency with a child by contact. Sentence was imposed on March 7, 2009, and there was a timely motion for new trial. The deadline for perfecting appeal was therefore June 5, 2009. Tex. R. App. P. 26.2(a)(2). Notice of appeal was filed on June 15, but no extension of time for filing notice of appeal was requested.[1] Tex. R. App. P. 26.3. McCarty's counsel has informed the Court that the notice of appeal was mailed on June 12, and therefore the mailbox rule does not apply. Tex. R. App. P. 9.2(b). Under the circumstances, we lack jurisdiction to dispose of the purported appeal in any manner other

---

[1] There is no implied motion for extension of time in criminal appeals as there is in civil appeals. Compare *Verburgt v. Dorner*, 959 S.W.2d 615, 616-17 (Tex. 1997), *with Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).

than by dismissing it for want of jurisdiction.[2] *See Slaton v. State*, 981 S.W.2d 208 (Tex. Crim. App.1998); *Olivo v. State*, 918 S.W.2d 519, 522-23 (Tex. Crim. App. 1996).

The appeal is dismissed.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Pemberton

Dismissed for Want of Jurisdiction

Filed:  July 22, 2009

Do Not Publish

---

[2] McCarty must seek an out-of-time appeal by means of post-conviction habeas corpus. *See* Tex. Code Crim. Proc. Ann. art. 11.07 (West Supp. 2008).

2

# APPENDIX VI



# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,607

### EX PARTE KELLY JAMES MCCARTY, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 30842 IN THE 33RD JUDICIAL DISTRICT COURT
## FROM BURNET COUNTY

*Per curiam.*

### OPINION

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of indecency with a child. In Count I, he was sentenced to five years' imprisonment, and in Count III, he was placed on community supervision for ten years. His appeal was dismissed for lack of jurisdiction. *McCarty v. State*, No. 03-09-00378-CR (Tex. App.–Austin July 22, 2009, no pet.).

Applicant contends that he was denied his right to appeal. We remanded this application to the trial court for findings of fact and conclusions of law. The trial court has determined that

FILED
AUG 26 2011
CASIE WILLS, DISTRICT CLERK
BURNET COUNTY, TEXAS

appellate counsel failed to timely file a notice of appeal. We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Count I in cause number 30842 from the 33rd Judicial District Court of Burnet County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Applicant's out-of-time appeal claim as to Count III is dismissed. TEX. CODE CRIM. PROC. art. 11.07, § 3(a); *Ex parte Twyman*, 716 S.W.2d 951, 952 (Tex. Crim. App. 1986).

Delivered: August 24, 2011
Do Not Publish

# APPENDIX VII

# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00628-CR

**Kelly James McCarty, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT
### NO. 30842, HONORABLE GUILFORD L. JONES III, JUDGE PRESIDING

---

## MEMORANDUM OPINION

Appellant Kelly James McCarty was indicted for three counts of indecency with a child by contact. *See* Tex. Penal Code § 21.11. The charges arose from allegations made by three children who had been campers at a summer camp where the Appellant had worked as a counselor. The Appellant's first trial ended in a mistrial after the jury was unable to reach a verdict. The jury in the Appellant's second trial convicted him of the first and third counts of indecency with a child by contact but acquitted him of the second count. The Appellant was sentenced to five years' imprisonment for the first count and ten years' community supervision for the third count. After filing an untimely appeal that was dismissed for lack of jurisdiction, the Appellant filed an application for habeas corpus relief to file an out-of-time appeal. *See* Tex. Code Crim. Proc. art. 11.07. The Court of Criminal Appeals granted the Appellant leave to file an out-of-time appeal as to Count I but denied relief as to Count III.

The Appellant now appeals his conviction as to Count I, contending the trial court erred by: (1) admitting evidence of unnoticed extraneous bad acts; (2) admitting the State's expert testimony but excluding his expert's testimony; and (3) submitting an improper jury charge. As the parties are familiar with the facts and applicable standards of review, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.4. We will affirm the trial court's judgment.

## ADMISSION OF EXTRANEOUS BAD ACTS

In his first point of error, the Appellant contends the trial court erred by admitting evidence he characterizes as "extraneous bad acts" without the prosecution having provided him timely notice of their intent to use such evidence in response to his request under Texas Rule of Evidence 404(b). The first two alleged extraneous acts we address involve the Appellant's conduct with two of the minor complainants. First, a camp counselor testified during the State's case-in-chief that—sometime before the events giving rise to Count I of the indictment involving camper number 2004-23— he observed camper 2004-23 and the Appellant alone in a cabin sitting on a bed together and talking.[1] The second incident involved another complainant, camper number 2004-25, who testified during the State's case-in-chief that the Appellant told him—sometime before the events giving rise to Count III of the indictment—that he needed to be more comfortable being naked and that his prior group of campers had initially been afraid to be naked but by the end of the term, they were having "naked concerts in their bathroom . . . playing penis guitar and banging their butts as

---

[1] At trial, the minor complainants were referred to by their camp numbers to protect their identity.

drums." The Appellant complains these were unnoticed extraneous bad acts admitted in violation

of Rule of Evidence 404(b). *See* Tex. R. Evid. 404(b) (evidence of other crimes, wrongs, or acts not

admissible to show character conformity but is admissible for other purposes, provided that upon

timely request by the accused in a criminal case, reasonable notice is given in advance of trial of

intent to introduce such evidence in State's case-in-chief).

But in sexual abuse cases involving minors, Article 38.37 of the Texas Code of

Criminal Procedure provides that evidence of crimes, wrongs, or acts committed by the defendant

against a child who is the victim of the alleged offense shall be admitted for its bearing on relevant

matters, including the state of mind and previous relationship between the defendant and child.

Tex. Code Crim. Proc. art. 38.37. Article 38.37 is an evidentiary rule and by its express terms

supercedes in certain sexual abuse cases the application of Texas Rule of Evidence 404(b). *See*

*Hitt v. State*, 53 S.W.3d 697, 705 (Tex. App.—Austin 2001, pet. ref'd). Further, the State is only

required to provide prior notice of their intent to use such evidence if the defendant makes a specific

request for such information pursuant to Tex. Code Crim. Proc. art. 38.37. *See id.* (request for

notice pursuant to Rule 404(b) does not entitle the defendant to prior notice of the State's intent to

use evidence admissible under Article 38.37).[2] Here, the State argued this evidence was admissible

because it showed a pattern of grooming the complainants for sexual abuse, and the discovery order

---

[2] *Hitt v. State* interprets a prior version of the statute that was in effect when the criminal proceedings against the Appellant commenced. *See* Act of June 7, 1995, 74th Leg., R.S., ch. 318, § 48, 1995 Tex. Gen. Laws 2734, 2748 (amended 2013) (current version at Tex. Code Crim. Proc. art. 38.37). The current version of the statute provides that in criminal proceedings commenced after September 1, 2013, "the state shall give the defendant notice of the state's intent to introduce in the case in chief evidence described [by Art. 38.37] no later than the 30th day before the date of the defendant's trial."

3

identified in the Appellant's brief failed to request notice under Article 38.37. Accordingly, we cannot conclude the trial court abused its discretion in overruling the Appellant's 404(b) objection and admitting the testimony. *See id.* (witness's unnoticed testimony that he had seen defendant and minor complainant alone on bed together admissible where defendant had requested notice under Rule 404(b) but had failed to request notice under Art. 38.37).[3]

The Appellant further contends the State improperly introduced rebuttal evidence of an unnoticed extraneous offense during the punishment phase of trial. During sentencing, however, a defendant is only entitled to pretrial notice of extraneous offenses or bad acts the State intends to offer in its case-in-chief. *See* Tex. Code. Crim. Proc. art. 37.07. The State is not required to give notice of other offenses or bad acts introduced in rebuttal to the defendant's mitigation evidence. *Jaubert v. State*, 74 S.W.3d 1, 4 (Tex. Crim. App. 2002); *Washington v. State*, 943 S.W.2d 501, 505 (Tex. App.—Fort Worth 1997, pet. ref'd) (op. on reh'g). In this case, the Appellant's defensive theory at sentencing was that he should receive a recommendation for probation because he was a suitable candidate for community supervision. In rebuttal, the State called a probation officer who had met with the Appellant prior to trial. The officer testified, based on her conversation with the

---

[3] Appellant additionally complains that a witness was permitted to testify—without prior notice—that he observed the Appellant lying on a bed with a camper who has not made any allegations of misconduct against the Appellant and is not a complainant in this suit. The witness testified that there were other people in the cabin at the time he observed this conduct and did not allege that he observed any misconduct. "To constitute an extraneous offense, the evidence must show a crime or bad act, and that the defendant was connected to it." *Moreno v. State*, 858 S.W.2d 453, 463 (Tex. Crim. App. 1993). Assuming this is evidence of a crime or bad act as contemplated by Texas Rule of Evidence 404(b), the Appellant has not shown how his defense was injuriously affected by the State's failure to provide reasonable notice of this testimony. *See Hernandez v. State*, 176 S.W.3d 821, 826 (Tex. Crim. App. 2005).

4

Appellant, that she understood he had been working as a referee for a children's soccer league since his arrest. The officer further testified that, at a prior hearing, the Appellant had told the trial court that the officer had misunderstood him because he was actually working as a referee for a women's soccer league. The officer testified that she did not believe she was mistaken that he had initially said it was a children's league.[4] As the challenged testimony was offered in rebuttal to the Appellant's mitigation evidence, we cannot conclude the trial court abused its discretion by admitting the testimony without notice. *See Jaubert*, 74 S.W.3d at 4.

The Appellant also complains that the State improperly impeached him during trial with an unnoticed extraneous offense during the State's cross-examination of the Appellant. The record reflects the trial court ruled during a bench conference that the State would be permitted to impeach the Appellant on cross-examination with evidence showing he had lied to his bond officer about residing out of the state. After reviewing the record, however, the State never impeached the Appellant with this information during open court in front of the jury. Accordingly, there is nothing to review. For the foregoing reasons, we overrule the Appellant's first point of error.

---

[4] On cross-examination, Appellant expanded the scope of the probation officer's testimony by asking whether in her professional experience she had known any offenders on probation for sexual offenses against children and whether there were specialized probation officers to supervise such offenders. She answered yes to both questions. On redirect, the State asked the officer questions related to her experience working with pedophiles on probation, including whether the probation office could guarantee that an offender would not abuse another child while on probation and whether it was important for an offender to admit guilt for successful rehabilitation. In his fourth point, the Appellant complains the trial court erred by allowing the probation officer "to offer expert testimony about pedophilia." We disagree. The Appellant first asked the probation officer questions related to her professional expertise and on redirect the State was entitled to ask questions to explain the probation officer's answers given on cross-examination from which erroneous inferences might be drawn by the jury. *See Rogers v. State*, 815 S.W.2d 811, 816 (Tex. App.—Amarillo 1991, no pet.); *see also Ellison v. State*, 201 S.W.3d 714, 723 (Tex. Crim. App. 2006) (probation officer qualified in punishment phase to give opinion on defendant's suitability for probation).

# EXPERT TESTIMONY

In his second point of error, the Appellant contends the trial court erred by both excluding testimony from his expert witness and admitting testimony from the State's expert witness. For expert testimony to be admissible under Texas Rule of Evidence 702, the party offering the scientific expert testimony must demonstrate by clear and convincing evidence that such testimony "is sufficiently reliable and relevant to help the jury in reaching accurate results." *See Kelly v. State*, 824 S.W.2d 568, 572 (Tex. Crim. App. 1992). Here, the Appellant does not attack the reliability of the State's expert testimony but only its relevance to the issues at trial. Relevance, rather than reliability, was also the basis for the trial court's exclusion of the Appellant's proffered expert testimony. Accordingly, our analysis focuses on the relevance of the expert testimony at issue.

We will first address the testimony of the State's expert witness, Dr. Ferrera, who testified during the guilt/innocence phase of trial regarding the conduct of child molesters. Dr. Ferrera testified that child molesters often groom children for sexual contact and described common practices frequently used by sex offenders to groom children. In response to hypothetical questions mirroring the facts of this case, Dr. Ferrera then testified that the scenarios depicted were consistent with the practices he had described and were typical grooming behavior of an experienced male pedophile. The Appellant contends the trial court erred by admitting Dr. Ferrera's testimony because grooming was not a fact issue for the jury and the testimony was not relevant because there was no evidence that the Appellant was engaged in grooming. We disagree. The Court of Criminal Appeals has recognized that grooming of children for sexual molestation, as a phenomenon, is a legitimate subject of expert testimony. *Morris v. State*, 361 S.W.3d 649, 656 (Tex. Crim. App.

2011). Further, the trial court was within its discretion in finding the evidence was relevant because Dr. Ferrera sufficiently tied his testimony regarding grooming to the specific facts of the case. *See Jordan v. State*, 928 S.W.2d 550, 555 (Tex. Crim. App. 1996). Accordingly, we cannot conclude the trial court abused its discretion by admitting the State's expert testimony.

With regard to the Appellant's expert witness, Mark Steege, the trial court permitted the expert to rebut Dr. Ferrera's testimony on grooming. The Appellant, however, also attempted to proffer testimony from Steege during trial regarding his assessment of the Appellant's sexual interests. Outside the presence of the jury, Steege—a psychotherapist—testified that he had conducted a clinical evaluation of the Appellant and had administered two exams designed to test the sexual interest of a person, the Abel Assessment for Sexual Interest Test and the Sexual Adjustment Inventory.[5] Based on his clinical evaluation and the exam results, Steege testified outside the presence of the jury that in his opinion the Appellant was a "normal sexual young man, with normal ideas about sexuality, with no problems with drugs or alcohol, [and] with no significant interest in being sexual with someone other than appropriate partners." The trial court excluded the testimony on the grounds that it was not helpful to the jury in determining an ultimate fact at issue.

Based on the record before us, we cannot conclude the trial court abused its discretion by excluding the testimony. An intent to arouse and gratify the sexual desire of any person is an element of the offense of indecent conduct with a child. *See* Tex. Penal Code § 21.11. The Appellant offered Steege's expert testimony to show that generally he does not have sexually deviant

_____

[5] The reliability of the Abel Assessment for Sexual Interest Test and the Sexual Adjustment Inventory were not challenged by the State at the trial court or on appeal. As we determine the trial court did not abuse its discretion by excluding the testimony as irrelevant, we express no opinion as the reliability of the expert's opinions.

7

preferences and therefore could not have had the requisite intent to commit the charged offense. The use of expert testimony, however, must be limited to situations in which the expert's knowledge and experience on a relevant issue are beyond that of an average juror. *Yount v. State*, 872 S.W.2d 706, 711 (Tex. Crim. App. 1993). Here, the trial court was within its discretion in finding that a determination of whether the Appellant had the intent to sexually gratify himself by touching a camper's penis required no special knowledge or experience.[6] *See In re J.G.*, No. 03-97-00217-CV, 1998 WL 271053, at *2 (Tex. App.—Austin May 29, 1998, no pet.) (mem. op.) (expert testimony that appellant was generally not sexually aroused by young girls not relevant in helping jury determine whether appellant had the requisite intent to be sexually gratified by touchings at issue). Further, Steege made no "effort to tie the pertinent facts of the case to the scientific principles which [were] the subject of his testimony." *See Jordan*, 928 S.W.2d at 555; *see also Williams v. State*, 895 S.W.2d 363, 366 (Tex. Crim. App. 1994) (expert testimony that defendant's psychological profile was not compatible with profile of type of person who would have committed offense not helpful when expert failed to connect generic testimony to facts of case). Accordingly, we cannot conclude the trial court abused its discretion in determining that the Appellant failed to demonstrate by clear and convincing evidence the relevance of Steege's excluded testimony. *See Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990) (as long as trial court's ruling on relevance of evidence is "at least within the zone of reasonable disagreement, the appellate court will not intercede").

---

[6] With regard to Count I of the indictment, the camper involved testified that the Appellant had asked him to lay down on his bed and then started "masturbating" the boy's penis for approximately five minutes while breathing heavy, despite the boy saying that he wanted to leave. The boy further testified that after he left the bed, the Appellant told him to not tell the other camp counselor what had occurred.

8

Appellant additionally complains the trial court wrongfully excluded Steege's testimony during the punishment phase of trial. Appellant called Steege during the punishment phase to give his expert opinion on Appellant's risk of future dangerousness and suitability for community supervision. During direct examination, Steege testified to the jury that: (1) in the profession of psychology there are certain characteristics mental health professionals use in determining the risk associated with a sexual offender; (2) that he had tested the Appellant according to that criteria using multiple psychological testing methods; and (3) that he did not discover that the Appellant possessed any characteristics associated with a predatory, or risky, sex offender. The Appellant contends that the trial court wrongfully excluded Steege's opinion that the Appellant presented no risk to the community as long as he was under community supervision. All of the evidence presented in the Appellant's bill of exception, however, was presented to the jury. The fact that Steege was prevented from giving an opinion as to whether this evidence shows that the Appellant was a suitable candidate for probation does not mean the jury was prevented from considering and giving effect to this evidence in their determination of sentencing. *See Reyes v. State,* 84 S.W.3d 633, 639 (Tex. Crim. App. 2002) (no abuse of discretion where trial court permitted expert to present mitigating evidence but precluded expert from testifying as to his opinion that such evidence was mitigating). Finding no abuse of discretion, we overrule Appellant's second issue on appeal.

## JURY CHARGE

In his third point of error, the Appellant contends the trial court committed reversible error by submitting a jury charge that erroneously defined the term "sexual contact" in the abstract

9

portion of the charge. In this case, the Appellant was charged with three counts of indecency with a child by contact. The penal code defines this offense as engaging in sexual contact with a child or causing a child to engage in sexual contact with the intent to arouse or gratify the sexual desire of any person. Tex. Penal Code § 21.11. "Sexual contact" is defined as including "any touching . . . of the anus, breast, or any part of the genitals of a child" if the act is "committed with intent to arouse or gratify the sexual desire of any person." *See id.* The Appellant's indictment for Count I, however, limited the charged offense by specifying that the Appellant had engaged in sexual contact with Burnet Co. Buck 2004-23 to gratify his own sexual desire. *See Crenshaw v. State,* 378 S.W.3d 460, 465 (Tex. Crim. 2012) (state is bound by allegations in charging instrument because criminal defendant is entitled to fair notice of the specific charged offense).

In the jury charge, the application paragraphs correctly tracked the indictment's language verbatim. Specifically, the application paragraphs instructed the jury:

> Now bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt that the defendant . . . , as alleged in the indictment, did then and there, with the intent to arouse and gratify the sexual desire of said defendant, intentionally or knowingly engage in sexual contact with Burnet Co. Buck 2004-23, by touching the genitals of Burnet Co. Buck 2004-23, a child younger than 17 years of age and not the spouse of the defendant, you will find the defendant guilty of the offense of Indecency with a Child by Contact and so say by your verdict in Count One, but if you do not so believe, or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict "Not Guilty."

The preceding abstract paragraph of the charge, however, defined sexual contact—using the definition from the penal code—as "any touching of the anus, breast, or any part of the genitals of

10

another person with intent to arouse or gratify the sexual desire *of any person.*" *See* Tex. Penal Code § 21.11 (emphasis added).

The Appellant contends it was reversible error for the trial court to abstractly instruct the jury regarding the penal code definition for "sexual contact" because it authorized a conviction without requiring the jury to specifically find that "they believed that the defendant [acted] with the intent to arouse or gratify *his own sexual desire.*" We disagree. In determining whether there is charge error, we must examine the charge as a whole and consider the interplay between the abstract or definitional part of the charge and the application portion of the charge that applies the law to the facts of the case. *Plata v. State*, 926 S.W.2d 300, 302 (Tex. Crim. App. 1996), *overruled on other grounds, Malik v. State*, 953 S.W.2d 234 (Tex. Crim. App. 1997). Generally, reversible error occurs in the giving of an abstract instruction only when the instruction is an incorrect or misleading statement of the law that the jury must understand in order to implement the commands of the application paragraph. *Crenshaw*, 378 S.W.3d at 466. This is true because an abstract statement of the law that goes beyond the allegations in the indictment is ordinarily "effectively restricted by the charge's application of the law to the facts, which should limit the jury's deliberations to the allegations in the indictment supported by the evidence." *See Sandig v. State*, 580 S.W.2d 584, 586 (Tex. Crim. App. 1979).

In this case, although the abstract portion of charge included the full statutory definition of "sexual contact," the application paragraphs properly authorized conviction only if the jury found beyond a reasonable doubt that the Appellant—as alleged in the indictment—acted with the intent to arouse and gratify his own sexual desires. Accordingly, the application paragraph

11

properly limited the jury's deliberations to the allegations in the indictment. Further, even if we were to find error, such error would not be reversible because the Appellant has not shown that he was sufficiently harmed. When an appellant properly objects to a jury charge, as here, we may reverse only if we find "some harm" from the jury charge error. *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g). Here, the Appellant contends he was harmed because the charge permitted the jury to convict him of an offense not charged in the indictment, but we have already overruled this argument. Further, reviewing the record of the trial as a whole, there was no evidence or argument that the Appellant had engaged in these acts to satisfy the sexual desire of any person other than himself. *See id.* at 171 (actual degree of harm arising from jury charge error must be "assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole."). Therefore, even if we found error, we cannot conclude the Appellant suffered harm requiring reversal of his convictions. *See Ramirez v. State*, 967 S.W.2d 919, 922 (Tex. App.—Beaumont 1998, no pet.) (including full statutory definition of "sexual contact" in abstract portion of jury charge harmless when application paragraph limited circumstances upon which jury was authorized to convict to circumstances alleged in indictment). Accordingly, we overrule Appellant's third point of error.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court as to Count I.

12

_____

                                    David Puryear, Justice

Before Justices Puryear, Pemberton, and Field

Affirmed

Filed:   April 15, 2014

Do Not Publish



# APPENDIX VIII

# TERMS AND CONDITIONS OF PROBATION
## OF

## __KELLY JAMES McCARTY__

CAUSE NO.: __30842__

COURT: 33RD JUDICIAL DISTRICT COURT OF __BURNET__ COUNTY, TEXAS

DATE PROBATION GRANTED:__FEBRUARY 22__ , __2008__ .

LENGTH OF PROBATION: __(5) FIVE YEARS DEFERRED ADJUDICATION__

OFFENSE:__INJURY TO A CHILD__ DEGREE:__3RD__

During your probation, you are **ORDERED** to comply with and abide by the following terms and conditions of probation:

1. Commit no offense against the laws of this State, or any other State of the United States.

2. Completely abstain from the use and/or possession of alcoholic beverages and illegal drugs.

3. Avoid persons of disreputable or harmful character including, association with persons on probation or parole or who have been previously convicted of a crime, and specifically, avoid contact or association with _____.

4. Avoid places of disreputable or harmful character including, but not limited to, places where alcoholic beverages are sold, served or delivered, except bonafide eating establishments.

5. Report in person immediately to the Probation Officer of the Community Supervision and Corrections Department of __BURNET__ County, Texas, and thereafter report at such other times and in such manner as directed by the Court or the Probation Officer.

6. Permit the Probation Officer to visit you at your home, place of employment, or elsewhere, as directed by the Probation Officer.

7. Inform the Probation Officer within 5 days of any charge or accusation of violating the law made against you or any contact with law enforcement officers pertaining to violations of the law.

8. Do not purchase, manufacture, transport, repair, sell or possess a firearm or other illegal weapon as defined in Sec. 46.01, Texas Penal Code.

9. Remain within the limits of __ROCKINGHAM COUNTY, VA__ unless given permission by the Probation Officer to leave such limits.

10. Support all dependents you now have or that you may acquire during the probation period, which includes, but is not limited to, payment of all court ordered child support.

11. Notify the Probation Officer of any change of address or employment within 5 days of such change.

12. Submit yourself to urine testing by your probation officer for detection of controlled substances, dangerous drugs, marijuana or alcohol and pay the established fee for such testing.

13. Participate and work, without compensation, ten hours per month in a community service program or task as directed by the Probation Officer for a total of __375__ hours.

14. Pay the following amounts to and through the Community Supervision and Corrections Department:

   a. Court costs in the amount of $ __403.00__ due in full __March 22__, 200__4__.

   b. Probation fee of $ __60.00__ each month during your probation period beginning __MARCH 22__, __2008__.

   c. Crime Stoppers fee to the __BURNET__ Crime Stoppers Program in the amount of $ __50.00__ at the rate of:$ __5.00__ per month beginning __MARCH 22__, __2008__.

   d. Restitution/Reparation in the amount of $_____ at the rate of: $_____ per month beginning _____, 2_____.

   e. Fine in the amount of $ __3000.00__ at the rate of $ __75.00__ per month beginning __MARCH 22__, __2008__.

   f. Court appointed attorney fees in the amount of $ __1,350.00__ at the rate of: $ ~~10.00~~ __30.00__ per month beginning __MARCH 22__, __2008__.

15. Do not communicate with or contact the victim(s) of your offense(s) or the victim(s) family or go near a residence, school or other location of the victim(s) or victim(s) family without permission of the Probation Officer.

16. Work faithfully at suitable employment.

17. Do not avail yourself to any law enforcement agency as a confidential informant, without prior written approval from your Probation Officer.

18. If you are unable to provide verification of a High School Diploma, GED or current enrollment in school, you must attend Educational classes at the rate of two times per week for the duration of probation, or until a GED is obtained.

19. _____ Attend and complete a Drug/Alcohol evaluation and abide by any referrals made.

20. _____ Attend Alcoholics/Narcotics Anonymous a minimum of ____ per week while on probation and provide verification of attendance to the Probation Officer.

21. _____ Attend and successfully complete the 15 hour Drug Education class of the Supervising Probation Office within 90 days from date of this order and pay the established fee for said classes.

22. ____ Attend and successfully complete the 12 hour Texas DWI Education Class of the Supervising Probation Office within 180 days from this date of this order and pay the established fee for said classes.

23. Attend and successfully complete the Cognitive Skills Training Program of the Supervising Probation Office, if directed by the Probation Officer and pay cost of the same.

24. __X__ Attend and successfully attend a Victim Impact panel as directed by the Probation officer.

25. _____ .

Comply with the further terms and conditions set out in the attached:
  ( )     SO Supplement
  ( )     DC Supplement

It is further ordered that the initial degree of probation supervision you will be under will be:
_____          Intensive supervision probation (ISP)

You are hereby advised that this court shall determine the terms and conditions of your probation and may, at any time during the period of probation, alter or modify such terms and conditions. The Court has the authority at any time during the period of probation to revoke your probation for violation of any of the terms and conditions of probation.

Signed this date: ____2/22____ , 2008, .

_____
JUDGE PRESIDING

I hereby acknowledge that I have received a copy of the terms and conditions of probation, including any terms and conditions set out in any Supplements.

Right thumb

_____
PROBATIONER

_____
2-22-08
DATE

**PROBATIONER:** ___KELLY McCARTY___

**CAUSE NO.:** ___30842___

**COURT: 33RD JUDICIAL DISTRICT COURT OF __BURNET__ COUNTY, TEXAS**

### SO SUPPLEMENT

### PROBATION TERMS AND CONDITIONS FOR SEX OFFENDERS

It is further ordered that you comply with the following designated terms and conditions:

1. Undergo psychiatric and/or psychological testing and evaluation by a licensed sex offender provider, within 90 days of probation date as directed by the Probation Officer and pay the cost of same.

2. Attend, participate and complete a psychiatric and/or psychological counseling program, with a licensed sex offender provider, as directed by the Probation Officer and pay the cost of same. Remain in said program until successfully discharged by the sex offender provider.

3. Pay the reasonable and necessary costs for psychiatric and/or psychological testing, evaluation, counseling and/or treatment of the victim(s) which have been made necessary by the offense(s) you committed, which payments shall not exceed one (1) year.

4. Do not be alone with any child or children under the age of SEVENTEEN (17) years without written permission of your Probation Officer or without a treatment approved chaperone.

5. The Defendant will not move out of the county of residence without permission from the sex offender provider and the supervising probation officer.

6. The Defendant will prepare written assignments as directed by the sex offender provider.

7. The Defendant will not have any contact with the victim, unless approved by treatment staff or probation officer.

8. Submit to a blood sample or other specimen to the Department of Public Safety under Subchapter G, Chapter 411, Government Code, for the purpose of creating a DNA recording and pay cost of the same.

9. Submit a polygraph testing as directed by the Community Supervision Officer or the therapist and pay cost of the same.

10. Do not possess any sexually -stimulating nor sexually oriented material as deemed by the treatment staff, not patronize any place where such material or entertainment is available, including the world wide web. Avoid use of the internet unless given permission by the probation officer or therapist.

11. Do not utilize 900 telephone numbers unless approved in advance and in writing by the Community Supervision Officer.

12. CHILD SAFETY ZONE - SEXUAL OFFENDER PROBATION REQUIREMENTS

a.  Do not supervise or participate in any program that includes as participants or recipients persons who are under the age of 17 and that regularly provides athletic, civic, or cultural activities.

b.  Do not go on, in, or within a distance of 200 yards where children gather, including a school, daycare facility, playground, public or private youth center, public swimming pool, or video arcade facility.

c.  Do not initiate, establish, nor maintain contact with any child under the age of 17 unless approved in advance and in writing by the District Judge. Do not date or socialize with any person who has children under the age of 17 unless approved in advance and in writing by the Community Supervision officer.

d.  Do not reside with any child under the age of 17 or contact your children in any manner unless approved by the Court.

13.  Abide by all treatment rules of the sex offender provider.

14.  Do not hitch hike or pick up hitch hikers.

15.  On October 31 of each year of probation the Defendant must remain at his/her residence from 6 p.m. to 4 a.m. November 1 and must not participate in Halloween activities. The porch light on the residence must be off and the door closed to all children/persons participating in Halloween.

16.  Other: ___None___

Signed this date: ___2-22___, 2_008_.

_____
JUDGE PRESIDING

I hereby acknowledge that I have received a copy of the terms and conditions of probation, including any terms and conditions set out in any Supplements.

_____
Probationer

_____
Title: _____CSO_____

RIGHT THUMB PRINT

revised 1-04

# APPENDIX IX

**Cause No. 30842**

| | | |
|---|---|---|
| KELLY JAMES MCCARTY | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | BURNET COUNTY, TEXAS |
| | § | |
| THE STATE OF TEXAS | § | 33RD JUDICIAL DISTRCT |

***APPLICATION FOR WRIT OF HABEAS CORPUS***

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **KELLY JAMES MCCARTY**, hereinafter referred to as "Applicant", and pursuant to article 11.08, Texas Code of Criminal Procedure, and submits this, his Application for Writ of Habeas Corpus complaining as follows:

Applicant, **KELLY JAMES MCCARTY**, is illegally restrained of his liberty by *THE HONORABLE J. ALLEN GARRETT, PRESIDING JUDGE 33RD JUDICIAL COURT OF BURNET COUNTY, TEXAS*, by being currently subjected to terms and conditions of community supervision for the offense of indecency with a child by contact – a felony conviction in cause number 30842, based upon a jury finding of guilty that was never subject to appeal due to a mistake by John Butler, Applicant's former appellate attorney, that is in no way attributable to Applicant. This is a violation of the Fifth Amendment to the United States Constitution, and in support of the same, Petitioner would show this Honorable Court as follows:

**I.**

Applicant, **Kelly James McCarty**, is restrained of his liberty pursuant to article 11.01, Texas Code of Criminal Procedure, in that he is currently subject to terms and conditions of community supervision.

**II. FACTUAL BACKGROUND**

CASIE WALKER, DISTRICT CLERK
FILED
SEP 25 2014
4:52 AM/PM
BURNET COUNTY, TEXAS

Applicant Kelly James McCarty was convicted by a jury on two counts of Indecency with a Child by Contact on March 7, 2009. The jury assessed punishment for count one at five years prison and a $10,000 fine. Punishment for count three was assessed at ten years prison and a $10,000 fine with both prison time and fine suspended. Following the convictions and a motion for new trial, attorney John Butler was appointed to represent Applicant on direct appeal. However, Mr. Butler failed to file a timely notice of appeal and the appeal was dismissed for want of jurisdiction. This was in 03-09-00378-CR.

An application for writ of habeas corpus was later filed under article 11.07 of the Texas Code of Criminal Procedure. In WR-74,352-01, the Court of Criminal Appeals granted Applicant an out-of-time appeal for count one but denied the request for an out-of-time appeal on count three for want of jurisdiction.

## III. CLAIMS

**A)** **Through no fault of the Applicant, he was denied the right to an effective appeal.**

John Butler was appointed as the Applicant's appellate attorney following the second trial (the first trial having ended in a mistrial when the jury failed to reach a verdict). He was simultaneously appointed to represent another client at the same time he received Applicant's case. When calendaring the deadlines for the notice of appeal for the two cases, Mr. Butler miscalculated the deadline for Applicant and submitted the notice of appeal three days too late. The appeal was therefore dismissed for lack of jurisdiction. Mr. Butler made no effort to correct his mistake and he took no further action. Mr. Butler's mistake was not attributable to Applicant.

Therefore, Applicant's right to appeal the conviction was violated. In the trial court's findings of facts submitted to the Court of Appeals in Ex Parte Kelly James McCarty (WR-74,352-01) the trial court determined that Applicant had intended to appeal his conviction but appellate counsel failed to timely file a notice of appeal. The Court of Appeals determined that Applicant was entitled to an out of time appeal as to Count One and granted him that relief.

In this situation, it is appropriate to seek habeas relief under Art. 11.08. In Ex Parte Balderrama, 214 S.W.3d 530 (Tex. App. 2006), Balderrama invoked article 11.08 when seeking an out of time appeal. In their ruling, the Court of Appeals stated,

> "Balderrama's writ application invoked code of criminal procedure article 11.08, which has been held to be the appropriate procedural vehicle for a person on felony probation seeking post-conviction habeas corpus relief. Tex.Code Crim. Proc. Ann. art. 11.08 (West 2005); see Rodriguez v. Court of Appeals, 769 S.W.2d 554, 557 (Tex.Crim.App.1989); Ex parte Renier, 734 S.W.2d 349, 353 (Tex. Crim.App.1987)."

In this situation, article 11.072 of the code of criminal procedure does not apply because Applicant does not seek to challenge the validity of his conviction but is merely seeking an out of time appeal. As conceded by Assistant District Attorney Bunyard in his response to Applicant's filing under Cause No. 30842B, the only time relief is authorized under Art. 11.072 of the Code of Criminal Procedure is when the applicant meets the grounds set forth under Art. 11.072 Sec. 2(b). These grounds are:

> (b) At the time the application is filed, the applicant must be, or must have been, on community supervision, and the application must

challenge the legal validity of:

(1) the conviction for which or order in which community supervision was imposed, or

(2) the conditions of community supervision.

In Ex parte McPherson, 32 S.W.3d 860, 861, the Court of Appeals held that a habeas corpus application seeking an out-of-time appeal does not challenge the conviction. Additionally, Applicant is not currently challenging the conditions of community supervision. Since Applicant is entitled to one appeal as of right, as mandated by the Supreme Court of the United States in Douglas v. California, 372 U.S. 353 [83 S.Ct. 814, 9 L.Ed.2d 811] (1963), and article 11.072 does not authorize that relief in this situation, article 11.08 is the only remaining procedural avenue available under habeas law through which Applicant can receive the required appeal. Therefore, article 11.08 is the appropriate article under which this application should be filed.

In this case the district court has the authority and duty to grant an out of time appeal in accordance with Texas Code of Criminal Procedure article 11.05. In Rodriguez v. Court of Appeals, Eighth Supreme Judicial Dist., 769 S.W.2d 554 (Tex. Crim. App. 1989), the Court stated,

"We hold that the district court had jurisdiction to entertain the writ of habeas corpus, and applicant in this cause properly invoked that jurisdiction by filing his writ with the district court. Thus, the district court had jurisdiction of the habeas application. Since the district court had this jurisdiction, it had the authority to grant an out-of-time appeal or other relief, such as appointment of counsel or compilation of the record on appeal."

With regard to jurisdiction, Article 5, § 8 of the Texas Constitution states:

"District Court jurisdiction consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body. District Court judges shall have the power to issue writs necessary to enforce their jurisdiction. The District Court shall have appellate jurisdiction and general supervisory control over the County Commissioners Court, with such exceptions and under such regulations as may be prescribed by law."

Since there is nothing in Article 11.08 that confers jurisdiction to any other court, the District Court has the authority and duty to grant an out-of-time appeal.

In conclusion, Applicant has shown that, through no fault of his own, he was denied his right to appeal his conviction on count three under cause number 30842. This constitutes a violation of his Fifth Amendment right under the United States Constitution. Since Applicant does not seek to challenge the validity of his conviction or terms or community supervision, the only available procedural avenue through which relief can be granted is article 11.08 of the Texas Code of Criminal Procedure. The Court of Appeals has established through multiple rulings that article 11.08 can be invoked in cases involving community supervision. Article 11.05 of the Texas Code of Criminal Procedure and Article 5, § 8 of the Texas Constitution provide this district court with the jurisdiction and authority to issue an out-of-time appeal.

WHEREFORE, PREMISES CONSIDERED, Applicant **Kelly James McCarty**, respectfully prays that this Honorable Court:

(1) Conduct a hearing on the allegations contained in this Application.

(2) After notice and hearing, enter an Order granting Applicant relief by granting Applicant an out-of-time appeal.

Respectfully submitted,

_____
Applicant

Kelly James McCarty

114 Oakleaf Dr.

San Antonio TX 78209

Phone: (210) 275-1875

Email: kjmcc09@gmail.com

STATE OF TEXAS §

COUNTY OF BEXAR §

BEFORE ME, the undersigned authority, personally appeared **Kelly James McCarty,** Applicant herein, after being duly sworn, stated upon oath that he has read the foregoing Application for Writ of Habeas Corpus and it is true and correct to the best of his knowledge and belief.

_____
Applicant

SWORN TO and subscribed before me on this 23rd day of September, 2014.

_____
Notary Public, State of Texas
My Commission Expires: 05-21-2017

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been delivered via certified mail, return receipt requested to the office of Wiley B. McAfee, District Attorney, Burnet County District Attorney's Office, Burnet, Texas.

SIGNED this _____ day of September, 2014.

_____
Applicant